THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P. | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:17-cv-311 |
| ARCH SPECIALTY INSURANCE COMPANY AND ROBERT BETTS, | § § § § | |
| *Defendants.* | § § | |

# DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Arch Specialty Insurance Company ("Arch") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

## I.   INTRODUCTION

1. On August 31, 2017, Plaintiff Marminco III Family, L.P. ("Plaintiff") filed its Original Petition in County Court at Law No. 6 of El Paso County, Texas – Cause No. 2017-DCV-3025. Plaintiff filed its First Amended Petition on September 12, 2017.

2. Plaintiff's Amended Petition names Arch and Robert Betts ("Betts") as defendants (collectively, "Defendants'). Betts was an adjuster assigned to Plaintiff's insurance claim which made the basis of this lawsuit.

3. Plaintiff's Amended Petition includes the following causes of action against both Arch and Betts:

- Breach of contract;
- Deceptive trade practices under the Texas DTPA; and

- Unfair settlement practices under Chapter 541.060 of the Texas Insurance Code.[1]

## II.   ARCH'S NOTICE OF REMOVAL IS TIMELY

4. Arch received Plaintiff's Original Petition on September 13, 2017 and received Plaintiff's Amended Petition on September 18, 2017. Betts received Plaintiff's Original Petition on September 13, 2017 and received Plaintiff's Amended Petition on September 18, 2017.

5. Accordingly, Arch files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.   BASIS FOR REMOVAL JURISDICTION

6. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal Is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Arch.**

8. Marminco III Family, L.P. is a domestic limited partnership. Thus, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

9. Arch was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of Missouri, with its principal place of business in New Jersey. Thus, Arch is a citizen of Missouri and New Jersey for purposes of diversity jurisdiction.

---

[1] *See* Plaintiff's Amended Petition, pp. 11-16.

10. Robert Betts is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Betts in this lawsuit. Betts' citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Arch (now and on the date Plaintiff filed this lawsuit).

11. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch.

*(i)  Plaintiff improperly joined Betts to defeat this Court's diversity jurisdiction.*

12. A defendant (such as Betts) is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[2] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4]

13. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[5] This requires Plaintiff to plead "enough

---

[2]  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[3]  *See id.*

[4]  *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[5]  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

facts to state a claim to relief that is plausible on its face."[6] Stated differently, Plaintiff's Amended Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

14. As set forth below, Plaintiff's Amended Petition fails to demonstrate a reasonable possibility of recovery against Betts in this lawsuit. Each cause of action asserted against Betts only details a speculative and hypothetical right to recovery.

> *(ii)* *Plaintiff has no reasonable possibility of recovery against Betts for violations of Chapter 541 of the Texas Insurance Code.*

15. Plaintiff's Petition alleges that "Defendants" committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(1) – misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) – failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim; and

- Section 541.060(a)(4) – failing to affirm or deny coverage in a reasonable time.

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[8]

16. This Court has previously dismissed claims against adjusters for violations of § 541.060(a)(2) when a defendant-adjuster does not have the authority to settle.[9]

---

[6]   *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[7]   *Twombly*, 550 U.S. at 555.

[8]   *See* Plaintiff's Amended Petition at pp. 14-16.

[9]   *Montoya v. State Farm Mut. Auto. Ins. Co.*, 16-00005 (RCL), 2016 WL 5942327, at *4 (W.D. Tex. Oct. 12, 2016); McClelland v. Chubb Lloyd's Ins. Co. of Texas, No. 5:16-cv-108, 2016 WL 5791206 (W.D. Tex.

17. Moreover, in order to establish liability against an employee of an insurance company, a plaintiff must attribute specific actionable conduct to an adjuster to be liable under Texas law. Specific allegations regarding the actions or omissions of the individual employee are central to establishing a cause of action.[10] Conclusory and over-generalized boiler-plate allegations that merely track the statutory language are not sufficient to state a claim.[11]

18. Here, Plaintiff consistently uses the term "Defendants" thereby failing to distinguish the claims asserted against Betts and Arch. Additionally, Plaintiff's Amended Petition merely recites the statutory language of each cause of action.

### *(iii)   Plaintiff has not demonstrated a reasonable possibility of recovery against Betts for violations of the DTPA.*

19. Plaintiff's allegations against Betts under the DTPA leave Plaintiff with no reasonable possibility of recovery. Plaintiff's obligation to "provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[12]

20. DTPA claims are subject to the requirements of Federal Rule of Civil Procedure 9(b).[13] Under Rule 9(b), the Fifth Circuit requires specificity as to the statements or omissions

---

September 30, 2016) (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (W.D. Tex. 2014)); *see also Lopez, v. United Prop. & Cas. Ins. Co.*, No. 3:16-0089, 2016 WL 3671115, at *6 (S.D. Tex July 11, 2016).

[10] *Magallanez v. All State Fire & Cas. Ins. Co.*, SA-16-CV-1131-OLG, 2017 WL 3274907, at *2 (W.D. Tex. Feb. 6, 2017) (citing *Ardila v. State Farm Lloyds*, 2001 WL 34109378 *2 (S.D. Tex. 2001)).

[11] *Shree Kuber Baba LLC v. Columbia Mut. Ins. Co.*, SA-16-CA-01073-FB, 2017 WL 3274906, at *3 (W.D. Tex. Feb. 10, 2017), report and recommendation adopted, SA-16-CA-1073-FB, 2017 WL 3274905 (W.D. Tex. Feb. 28, 2017) (citing *Cavazos v. Sussex Ins. Co.*, No. 7:16–CV–00576, 2016 WL 6471139, at *2 (S.D. Tex. Nov. 2, 2016)).

[12] *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (McBryde, J.) (quoting *Twombly,* 550 U.S. 544, 55).

[13] *Lakeside FBCC, LP v. Everest Indemnity Ins. Co.*, Civil Action No. SA-17-CV-00491-XR, 2017 WL 3448190 at *6 (W.D. Tex. Aug. 10, 2017) (citing *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 2448926, at

considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.[14] The plaintiff must allege answers to "newspaper questions" ("who, what when where and how" of an alleged fraud.[15]

21. Plaintiff's claims under the DTPA consist of nothing more than labels, conclusions, and a formulaic recitation of statutory elements. The allegations do not contain enough supplemental factual information to answer the "newspaper questions" required by Rule 9(b). Plaintiff has no reasonable recovery against Betts on its DTPA claims.

### (iv) *Plaintiff has no reasonable possibility of recovery against Betts for breach of contract.*

22. Plaintiff's Amended Petition, under the "Cause of Action for Breach of Contract," states that "Defendants Arch Specialty and Mr. Brett's failure and refusal, as described above…"[16] It is unclear whether or not Plaintiff is claiming Betts breached the contract issued by Arch. Nevertheless, Plaintiff's claims against Betts for breach of contract would fail. Plaintiff entered into an insurance contract with Arch, not Betts. "Generally, if an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal."[17]

23. Plaintiff's Amended Petition concedes that "Betts was an agent and representative of Arch Specialty in regard to Plaintiff's insurance claim."[18] Accordingly, Betts was acting

---

*12 (W.D. Tex. May 30, 2014) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009)).

[14] *See Lakeside,* 2017 WL 3448190 at *6 (citing *Plotkin v. IP Axess, Inc.* 407 F.3d 690, 696 (5th Cir. 2004)).

[15] *See Lakeside,* 2017 WL 3448190 at *6 (citing *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

[16] See Plaintiff's Amended Petition, p. 11.

[17] *French v. State Farm Ins. Co.*, 156 F.R.D 159, 162 (S.D. Tex. 1994).

[18] *See* Plaintiff's Amended Petition, p. 4.

within the scope of his authority, and Plaintiff has not pled any facts to show that Betts should be personally liable on the insurance contract between Plaintiff and Arch. Plaintiff has no reasonable cause of action against Betts for breach of contract.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

24. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Arch's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[19]

25. Here, Plaintiff's Petition states that Plaintiff seeks to recover over $1,000,000.[20] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## IV. CONCLUSION

26. Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Betts. Accordingly, Betts' citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Arch, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

27. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of El Paso County, Texas promptly after the filing of this Notice.

WHEREFORE, Defendant Arch Specialty Insurance Company requests that this action be removed from County Court at Law Number 6, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, and that this Court enter such

---

[19] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[20] Plaintiff's Amended Petition, p. 1.

further orders as may be necessary and appropriate.

          Respectfully submitted,

          By: */s/ Kristin C. Cummings*
              Kristin C. Cummings
              Texas Bar No. 24049828
              kcummings@zelle.com
              Victoria L. Vish
              Texas Bar No. 24089850
              vvish@zelle.com

          **ZELLE LLP**
          901 Main Street, Suite 4000
          Dallas, Texas 75202-3975
          Telephone:    (214) 742-3000
          Facsimile:     (214) 760-8994

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of this Notice of Removal has been served this 10th day of October, 2017, by electronic filing as follows:

William N. Allan, IV
Texas State Bar No. 24012204
serveone@ANGlawfirm.com
ALLAN, NAVA & GLANDER, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: 210-305-4220
Facsimile: 210-305-4219

**ATTORNEYS FOR PLAINTIFF**

                                  */s/ Kristin C. Cummings*
                                  Kristin C. Cummings