# EXHIBIT B

El Paso County - County Court at Law 6

Filed 8/31/2017 2:54 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV3025

CAUSE NO. _____

| | | |
|---|---|---|
| MARMINCO III FAMILY L.P. | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY AND ROBERT BETTS | § | |
| Defendants | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARMINCO III FAMILY L.P. ("Plaintiff"), complaining of ARCH SPECIALTY INSURANCE COMPANY ("Arch Specialty") and ROBERT BETTS ("Mr. Betts") (collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

Plaintiff currently seeks monetary relief over $1,000,000 and demands judgment for all the other relief to which it deems itself entitled. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, MARMINCO III FAMILY L.P., is a resident of El Paso County, Texas.

Defendant, ARCH SPECIALTY INSURANCE COMPANY, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its registered

RECEIVED
SEP 1 3 2017
BY: R Betts                1

agent, C T Corporation System, by certified mail, return receipt requested, at 1999 Bryan St. Ste. 900, Dallas, TX 75201-4284. Plaintiff requests service at this time.

Defendant, ROBERT BETTS, is a Texas citizen residing in Texas and may be served with process by certified mail, return receipt requested, at 6232 Viale Lungo Ave. El Paso, TX 79932. Plaintiff requests service at this time.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of the Court.

Venue is proper in El Paso County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in El Paso County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

A.    Plaintiff is the owner of a Texas Commercial Property Policy No. ANC0004090, issued by Arch Specialty (the "Policy").

B.  Plaintiff owns the insured property, which is specifically located at 5012-5034 Alameda Ave., El Paso, Texas 79905 (the "Property").

C.  Arch Specialty, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

D.  In or about November 2016, Plaintiff experienced a storm that damaged the Property. The storm damage to Plaintiff's Property was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property, Plaintiff's business.

E.  Plaintiff timely submitted an insurance claim to Arch Specialty for all of the covered damage caused by the storm, and Arch Specialty assigned claim number 000013020230 to Plaintiff's insurance claim. Arch Specialty assigned Robert Betts ("Mr. Betts"), to adjust Plaintiff's insurance claim. However, Arch Specialty and Mr. Betts were not diligent in the handling and resolution of Plaintiff's insurance claim. Arch Specialty and Mr. Betts failed to timely and reasonably investigate the covered loss.

F.  Ultimately, Mr. Betts inspected Plaintiff's Property after the storm. During the inspection, Mr. Betts was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, including determining the cause of and then quantifying the damage done to the Property.

G.  Mr. Betts conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property. All of the covered damage was not accounted for. Further, even the damages that were accounted for were under-scoped. Based upon Mr. Betts's estimate, Arch Specialty determined that only $43,139.78 was due on Plaintiff's insurance claim.

H.  As described above, Defendants Arch Specialty and Mr. Betts demonstrated they did not conduct a thorough and reasonable investigation of Plaintiff's insurance claim

I.    Defendant Arch Specialty failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Arch Specialty failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Arch Specialty's conduct constitutes a breach of the insurance contract.

J.    Defendants Arch Specialty and Mr. Betts failed to fairly evaluate and adjust Plaintiff's insurance claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage to Plaintiff, Arch Specialty and Mr. Betts engaged in unfair insurance and settlement practices prohibited under Texas law.

K.    Defendants Arch Specialty and Mr. Betts's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendants' conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

L.    Defendants Arch Specialty and Mr. Betts failed to make a good faith attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although they were aware of the clear liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

M.    Defendants Arch Specialty and Mr. Betts failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments

would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's insurance claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

N.   Defendants Arch Specialty and Mr. Betts failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire insurance claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

O.   Defendants Arch Specialty and Mr. Betts refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Arch Specialty and Mr. Betts performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

P.   Defendant Arch Specialty failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's insurance claim, beginning an investigation of Plaintiff's insurance claim, and requesting all information reasonably necessary to investigate Plaintiff's insurance claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

Q.    Defendant Arch Specialty failed to accept or deny Plaintiff's full and entire insurance claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

R.    Defendant Arch Specialty failed to meet its obligations under the Texas Insurance Code regarding payment of insurance claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's insurance claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's insurance claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

S.    From and after the time Plaintiff's insurance claim was presented to Defendant Arch Specialty, the liability to pay the full insurance claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Arch Specialty has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendants have failed to and refused to pay Plaintiff for the proper repair or replacement of the Property.

U.    Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of

insurance claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant Arch Specialty has the duty to investigate and pay Plaintiff's policy benefits for insurance claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's Property has been damaged.

Defendants Arch Specialty and Mr. Betts's failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Arch Specialty's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant Arch Specialty's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant Arch Specialty has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's insurance claim, investigate Plaintiff's insurance claim, or request from Plaintiff all items, statements, and forms

that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframe. *See* Tex. Ins. Code § 542.055. Defendant Arch Specialty has also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's insurance claim within the applicable statutory timeframe. *See* Tex. Ins. Code § 542.056. Defendant Arch Specialty has further violated Section 542 by failing to pay the full value of Plaintiff's insurance claim within the applicable statutory timeframe. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Defendant Arch Specialty owes Plaintiff any additional monies on Plaintiff's insurance claim, then Defendant has automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

**C. DTPA Cause of Action**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants Arch Specialty and Mr. Betts. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants Arch Specialty and Mr. Betts have violated Sections 17.46(b)(2), (5), (7), (12) and (19) and Sections 17.50(a)(2), (3), and (4) of the DTPA. In this respect, Defendants' violations include, without limitation:

    A.    (1) their unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's insurance claim, (2) their failure to give Plaintiff the benefit of the

doubt, and (3) their failure to pay for the proper repair or replacement of covered damages to the Property on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.    Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.    Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.   Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Arch Specialty and Mr. Betts under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants Arch Specialty and Mr. Betts have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's insurance claim and Defendants' failure to pay for the proper repair or replacement of covered damages to the Property on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants Arch Specialty and Mr. Betts are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

B.   Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

C.     Making, issuing, or circulating an estimate or statement that misrepresents the promised benefits under the policy, *see* Tex. Ins. Code § 541.051(1)(B);

D.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

E.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of an insurance claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(2);

F.     Failing to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

G.     Refusing to pay Plaintiff's insurance claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

H.     Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of an insurance claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

Defendant Arch Specialty has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

Defendants Arch Specialty and Mr. Betts's acts, omissions, and failures described herein are a proximate cause of and have resulted in Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

### E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures, and conduct, Defendant Arch Specialty has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire insurance claim and by failing to settle Plaintiff's entire insurance claim because Defendant knew or should have known that it was reasonably clear that the insurance claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### VIII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### IX.  DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the storm-related damages to Plaintiff's Property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant Arch Specialty's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant Arch Specialty as damages

under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## X.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 541 of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## XI.  EXEMPLARY DAMAGES

Defendant Arch Specialty's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA & GLANDER, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@ANGlawfirm.com

By:

WILLIAM N. ALLAN, IV
State Bar No.  24012204

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., REQUESTS FOR DISCLOSURE TO DEFENDANT, ARCH SPECIALTY INSURANCE COMPANY

TO:   ARCH SPECIALTY INSURANCE COMPANY, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

### REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

    (a)    the expert's name, address, and telephone number;

    (b)    the subject matter on which the expert will testify;

    (c)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

    (d)    if the expert is retained by, employed by, or otherwise subject to your control:

(i)     all documents, tangible things, reports, models, or data compilations that
have been provided to, reviewed by, or prepared by or for the expert in
anticipation of the expert's testimony; and

(ii)    the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably
related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the
disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any
person who may be designated as a responsible third party.

**RESPONSE:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, ARCH SPECIALTY INSURANCE COMPANY

TO:     ARCH SPECIALTY INSURANCE COMPANY, Defendant

Instructions: Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below-designated documents.

Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the originals at the law offices of ALLAN, NAVA & GLANDER, PLLC. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production.

As used herein, the following terms shall have the meaning indicated below:

A.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

B.      "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom, or (4) otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

C.      "You and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party".

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   All training and educational materials which instruct Defendant's claims adjusters or claims handlers in handling claims for property damage coverage under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the property, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiff's claim(s) for coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all property insurance claims made by Plaintiff under its property insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the

handling, review and/or adjusting of property insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s).  Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to property insurance claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to property insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect,

and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Any and all organizational charts for Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas, This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured policyholders. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under its insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help them improve corporate profits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.

**RESPONSE:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., FIRST SET OF INTERROGATORIES TO DEFENDANT, ARCH SPECIALTY INSURANCE COMPANY

TO:     ARCH SPECIALTY INSURANCE COMPANY, Defendant

NOW COMES MARMINCO III FAMILY L.P., Plaintiff in the above styled and numbered cause, and requires that ARCH SPECIALTY INSURANCE COMPANY, Defendant, answer the following Interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or its investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

These Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

a.   "Person" means natural persons, corporation, partnerships, sole proprietorships, associations, or any other kind of entity or its agents, servants and employees.

b.   "Document" means any written instrument, recorded matter of whatever character, including but without limitation, contracts, letters, purchase orders, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements, investigative reports, announcements, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, and anything else in writing.

c.   "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.   "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express or implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.   "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.   "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiff's complaint that has given rise to this lawsuit.

Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such person his/her full name, last known address and home telephone number. If the person to be

identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law.  If so, state what conditions have not been met.

**ANSWER:**

**INTERROGATORY NO. 3:** List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).

**ANSWER:**

**INTERROGATORY NO.  4:** List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**ANSWER:**

**INTERROGATORY NO. 5:** State whether Defendant contends that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 7:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiff's claims.

**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay for Plaintiff's full claims.

**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, fomlerly known as Article 21.21, or violations of Texas Insurance Code §542.055, at seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under property insurance policies.

**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff's, (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-

handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under §542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by §542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 14:** State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under property insurance policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 15:** State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property damage coverage under property policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 16:** For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the response is yes, for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

**ANSWER:**

**INTERROGATORY NO. 17:** For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under property/commercial policies, state the name of the agency, the names of

all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiff's Policy including the Property made basis of the claim(s).

**ANSWER:**

**INTERROGATORY NO. 22:** Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

**ANSWER:**

**INTERROGATORY NO. 23:** For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

**ANSWER:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., REQUESTS FOR ADMISSIONS TO DEFENDANT, ARCH SPECIALTY INSURANCE COMPANY

TO:   ARCH SPECIALTY INSURANCE COMPANY, Defendant

NOW COMES MARMINCO III FAMILY L.P., Plaintiff in the above styled and numbered cause, and requires that ARCH SPECIALTY INSURANCE COMPANY, Defendant, respond to the following Requests for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant's principal place of business is Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Defendant conducts the business of insurance in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Defendant insured Plaintiff's property against wind and hail damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's property causing damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** As a result of water leaking into Plaintiff's property, Plaintiff's personal property was damaged.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** The exterior of Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** The exterior of Plaintiff's property sustained hail damage as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Plaintiff's personal property was damaged as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Defendant improperly and unreasonably adjusted Plaintiff's claim.

**RESPONSE:**

Plaintiff's Requests for Admissions                                                    2

**REQUEST FOR ADMISSION NO. 17:** Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Defendant was not open and honest in its adjustment of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Defendant took advantage of Plaintiff's lack of knowledge and experience.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Defendant made material false representations and/or material false promises to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Defendant intended that Plaintiff would rely on these false representations, and upon which Plaintiff did reasonably rely to its detriment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Defendant breached its insurance contract with Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Defendant adjuster has been sued in the past five (5) years for the mishandling of claims.

**RESPONSE:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., REQUESTS FOR DISCLOSURE TO DEFENDANT, ROBERT BETTS

TO:    ROBERT BETTS, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

## REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

  (a)    the expert's name, address, and telephone number;

  (b)    the subject matter on which the expert will testify;

  (c)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(d) if the expert is retained by, employed by, or otherwise subject to your control:

  (i) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

  (ii) the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, ROBERT BETTS

TO:   ROBERT BETTS, Defendant

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are hereby requested to serve responses to the requests below and produce all responsive documents and things for inspection and copying at the law offices of ALLAN, NAVA & GLANDER, PLLC, within fifty (50) days after receipt of the requests.

### DEFINITIONS

1.      The term "Plaintiff" means Marminco III Family L.P. and includes Plaintiff's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Marminco III Family L.P., or who are or were at any time controlled by Marminco III Family L.P.

2.      The terms "you," "your," and "Defendant" mean Defendant Robert Betts and includes Defendant's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant Robert Betts, or who are or were at any time controlled by Defendant Robert Betts.

3.      "Documents" means all writings, drawings, graphs, charts, photographs, pictures, films, tapes, sound recordings, images, data, and data compilations of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether they are intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The

term includes handwritten, typewritten, printed, photocopied, photographic, and other recorded matter, as well as electronically stored data on magnetic, digital, optical, or Internet cloud storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files, and any electronic file fragments (files that have been deleted and partially overwritten with new data) in, or accessible through, computer or other information storage or retrieval systems, together with the codes or programming instructions and other materials necessary to understand and use such systems.

4.      "Person," "persons," "entity," or "entities" means any natural person, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as government or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

5.      "Correspondence," "communication," or "communications" means any transmission, receipt, or exchange of information between two (2) or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, letter, facsimile, electronic, digital, or other media.

6.      With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."  Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

7.      "Relates" or "relating" means any relationship of whatever kind or nature, be it direct or indirect.

8.      "Concern" or "concerning" means and includes pertaining to, referring to, relating

to, alluding to, connected with, commenting on, regarding, comprising, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, and evidencing.

9.    "Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## INSTRUCTIONS

1.    The definitions and instructions in this document require responses and the production of responsive documents and things based on the information available to you as well as your attorneys, representatives, investigators, and others acting on your behalf.

2.    You are requested to produce for inspection and copying all responsive documents and things in your possession, custody, or control, including all documents and things in the possession or custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.    You must make a complete production of requested documents and things by the date and during the timeframe specified above.

4.    These requests seek responses and the production of responsive documents and things as of the date of the service hereof but also impose a continuing duty to supplement and correct as necessary in accordance with the Texas Rules of Civil Procedure, so that any additional or different information, documents, and things relating in any way to these requests and your responses to these requests, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected responses to the requests after such information is acquired or becomes known.

5.    You must produce the documents and things as they are kept in the usual course of business, or organize and label them to correspond with the categories in the requests.  You may

produce copies in lieu of originals unless a question is raised as to the authenticity of the originals or in the circumstances it would be unfair to produce copies in lieu of originals.

6.    You must produce the original and all non-identical copies of each requested document or thing, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.  Your production must include the file, envelope, folder, binder, or other container in which the responsive documents and things are kept.  If, for any reason, such a container cannot be produced, you are to produce copies of all labels or other identifying markings found on the unproduced container.

7.    Documents that exist in digital format and constitute or comprise databases or other tabulations or collections of data or information should be produced in both a hard copy printout of the document and a copy of the computer or electronic tape, disc, or other electronic medium on which the document is stored.  Documents that exist in digital format and constitute or comprise written communications between natural persons (e.g., e-mails, instant messages, memos, letters, etc.) should be produced both in a machine-readable format and hard-copy form.

8.    If you are unable to produce a document or thing as requested, state in writing why you cannot produce the document or thing and, if the document or thing is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or thing.

9.    If you cannot fully respond to any request after a diligent attempt, respond to the request to the greatest extent possible and specify the portion of the request to which you are unable to respond.

10.    If you object to or otherwise refuse to answer and produce documents or things

responsive to any portion or any aspect of a request, (i) state the grounds of your objection or reason for your refusal with specificity, and (ii) respond to the remainder of the request to which you do not object or refuse to answer as follows:

      a.     If you object to a request on the grounds that it is too broad (i.e., that you believe the request calls for information that is both relevant and not relevant to the subject matter of the action), you must answer the request and produce documents and things in response to the request by providing as much information and producing all documents which you believe may be relevant;

      b.     If you object to a request on the ground that to provide an answer or produce documents or things would constitute an undue burden, then you must produce as many of the requested documents or things as can be provided without undertaking an undue burden; and

      c.     If you object to any portion of a request on the ground that it is vague, ambiguous, or indefinite, then you must state your understanding of the allegedly vague, ambiguous, or indefinite term(s) and then answer the request and produce documents and things based on your stated understanding.

11.     With regard to any document or thing withheld by you from inspection and copying, such as on the basis of a claim of attorney-client privilege or work product immunity, identify the document or thing by its:

      a.     date;

      b.     type (e.g., letter, memorandum, photograph, computer printout, etc.);

      c.     subject matter;

      d.     author or originator;

      e.       addressee or addressees, and any person known or believed by you to have received a copy or have seen a copy of the document or thing;

      f.       the present custodian of each copy of the document or thing;

      g.       alleged ground or grounds for withholding production (e.g., attorney-client privilege or work product immunity);

      h.       sufficient particulars to allow Plaintiff to evaluate the claim of privilege or immunity; and

      i.       the portion of the document or thing as to which the privilege is claimed (i.e., one sentence, one paragraph, entire document, etc.).

12.      If you contend that any document or thing has been lost or destroyed, set forth the contents of the document or thing, the location of any copies, the date of loss or destruction, the name of the person who ordered or authorized the destruction, if any, and the authority and reasons for such destruction.

13.      These requests are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these requests, and are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Your entire claims investigation files, reports, and documents generated and maintained in the ordinary course of business pertaining to Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   All documents relating to the assignment to you of Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   Your Activity Log related to the claim(s) that form the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   Your claims manual that applies or applied to the claim(s) made the basis of this lawsuit up to the time that you received a demand letter from Plaintiff or were served with the petition in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   The unofficial files, notes, reports, memos, and documents prepared by, reviewed by, or provided to you pertaining to the investigation of Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   The training and educational materials reviewed by or provided to you and pertaining to the investigation or handling of Plaintiff's claim(s) made the basis of this lawsuit.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   The training and educational materials that instruct you in the handling of claims for property damage coverage, including coverage for hurricane, hail, wind, water, and roof damage, under commercial property insurance policies in Texas.   This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   The procedure or policy manuals or guides reviewed by or provided to you and pertaining to the investigation or handling of Plaintiff's claim(s) made the basis of this lawsuit.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   The procedure or policy manuals or guides meant to guide and assist you in the handling of claims for property damage coverage, including coverage for hurricane, hail, wind, water, and roof damage, under commercial property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** The documents reviewed by or provided to you regarding the criteria and process for evaluating whether coverage existed under the policy in effect on the date of Plaintiff's claim(s) made the basis of this lawsuit and pertaining to the investigation or handling of Plaintiff's claim(s) made the basis of this lawsuit.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** The documents meant to guide and assist you in the handling of claims for property damage coverage, including coverage for hurricane, hail, wind, water, and roof damage, and pertain to the criteria and process for evaluating whether coverage exists under commercial property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All communications and correspondence, including electronic and attached or enclosed documents, between you and Plaintiff regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All communications and correspondence, including electronic and attached or enclosed documents, between you and any adjusters, claims handlers, representatives, employees, or agents of Arch Specialty regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All communications and correspondence, including electronic and attached or enclosed documents, between you and any third party regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   All communications and correspondence, including electronic and attached or enclosed documents, between you and any other defendant(s) in this cause of action regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  All communications and correspondence, including electronic and attached or enclosed documents, between you and any of Arch Specialty's business departments, including all persons part of the company, regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  All communications and correspondence, including electronic and attached or enclosed documents, between you and any adjusters, claims handlers, representatives, employees, agents, third parties, and any other defendant(s) in this cause of action regarding Plaintiff or Plaintiff's property made the basis of this lawsuit, sent after Plaintiff's made the claim(s) at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  All reports and other documents from governmental agencies or offices containing official or unofficial information regarding or relating to Plaintiff's property or claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by you regarding inspections of Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All records and documents you obtained or received by way of deposition by written questions, subpoena, or other official request or process regarding or relating to Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All records and documents you obtained or received by way of any unofficial request or process regarding or relating to Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All claims files and claims records you obtained or reviewed regarding Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All materials reviewed by or provided to you that were meant to guide and instruct you on Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials reviewed by or provided to you and were meant to instruct and guide you on Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 541.060 and/or Article 21.21. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials reviewed by or provided to you and were meant to instruct or guide you on Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 542.055 et seq. and/or Article 21.55. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Documents evidencing your net worth, including assets and liabilities, for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Documents evidencing your net income, including revenue and expenses, for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Documents evidencing all complaints and lawsuits filed by insureds against you regarding the handling, review, or adjusting of commercial property insurance claims in Texas for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All materials, handouts, manuals, outlines, articles and/or documents you received from Arch Specialty pertaining to the adjusting and/or handling of commercial owners property insurance claims, commercial insurance claims, and property damage claims, including claims for hurricane, hail, wind, water, and roof damage, in Texas for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All materials, documents, files and/or reports you provided to any adjuster, claims handler, representative, employee, or agent of Arch Specialty on a monthly, weekly, or daily basis regarding Plaintiff's claim(s) made the basis of this lawsuit, including all field notes and summaries of the area-by-area scope of Plaintiff's property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All computer programs, electronic data, documents, and/or manuals used by you to perform property damage estimates relating to commercial property insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s) made the basis of this lawsuit. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed and/or disbursed to you regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** A complete copy of your entire personnel file(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All documents and/or claim files maintained for persons or entities that have filed property damage claims, including claims for hurricane, hail, wind, water, or roof damage, which you investigated or handled in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All documents reflecting guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered, excluded, or limited by any policy provisions you contend applied to Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All demand letters received by you after the handling of a claim involving property damage, including claims for hurricane, hail, wind, water, and roof damage, that was adjusted by you in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Documents reflecting the fact and basis of your or Arch Specialty's decision(s) to pay or deny benefits or expenses to or on behalf of Plaintiff with respect to Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All documents relating to or reflecting referrals of vendors to Plaintiff or any similarly situated insured. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Documents reflecting all advanced or specialized certifications you possess or maintain or have possessed or maintained in the past.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All documents, including contracts, rules, guidelines and/or instructions exchanged between you, Arch Specialty, and Plaintiff, from the time of your hiring through the present, and any other entities with whom you worked or communicated regarding the property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All physical or tangible items and/or potentially usable evidence obtained by you or on behalf of Arch Specialty from the scene of the occurrence at the property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All indemnity agreements between you and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All complaint policies and procedures regarding the handling by you of complaints made by insured commercial property owners. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Copies of your current resume or curriculum vitae and all your job descriptions since you began working in the insurance industry.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All non-privileged e-mails regarding the investigation, adjusting, and/or handling of Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** All computer files, databases, electronically-stored information or computer-stored information regarding Plaintiff's claim(s) or the property made the basis of this lawsuit, whether or not they are in your possession or in the possession of another person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All computer files, databases, electronically-stored information or computer-stored information regarding property damage claims, including claims for hurricane, hail, wind, water, or roof damage, that have been compiled, prepared, and/or supervised by you, whether or not they are in your possession or in the possession of another person or entity. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** True and complete copies of all your billing records regarding Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** True and complete copies of all your billings on any file for Plaintiff, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** True and complete copies of activity logs filed by you on the file pertaining to Plaintiff's claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Reports, documents, or correspondence containing the names and locations of all adjusters, claims handlers, representatives, employees, and agents who have worked on any file related to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** All correspondence regarding complaints or lawsuits involving you and property damage claims, including claims for hurricane, hail, wind, water, or roof damage, from 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Documents reflecting the arrest, charge, or conviction of you for any felony crime or any crime involving a dishonest act or false statement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** All correspondence concerning issues with your billing and claims handling in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** All demand letters, lawsuits and/or subrogation claims filed against you in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Reports, documents, or correspondence containing lists of all lawsuits or disputes filed against you containing an element of a property damage claim, including claims for hurricane, hail, wind, water, or roof damage, from 2010 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** Copies of your affidavits or your deposition testimony in all other cases involving the same or similar allegations as in this case. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which you claim properly precludes the information discovery.

**RESPONSE:**

## PLAINTIFF'S, MARMINCO III FAMILY L.P., FIRST SET OF INTERROGATORIES TO DEFENDANT, ROBERT BETTS

TO:    ROBERT BETTS, Defendant

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are hereby requested to provide separate and full answers under oath to the interrogatories below no later than fifty (50) days after the date of the service hereof.

### DEFINITIONS

The following terms have the meanings indicated below. You are charged with knowledge of such definitions in responding, and you should respond to all the elements or questions included in such defined terms. These definitions are to be construed as broadly as possible to include the most information or documents responsive to the interrogatories.

1.    The term "Plaintiff" means Marminco III Family L.P. and includes Plaintiff's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Marminco III Family L.P., or who are or were at any time controlled by Marminco III Family L.P.

2.    The terms "you," "your," and "Defendant" mean Defendant Robert Betts and includes Defendant's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant Robert Betts, or who are or were at any time controlled by Defendant Robert Betts.

3.    "Person," "persons," "entity," or "entities" means any natural person, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as government or quasi-governmental agencies.  If other

than a natural person, include all natural persons associated with such entity.

4.      "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express or implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

5.      "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiff's complaint which has given rise to this lawsuit.

6.      The terms "identify" and "identity" mean:

(a)      with respect to an individual, that you are to provide his or her full legal name, current or last known address (business and home), and current or last known telephone number (business and home);

(b)      with respect to an organization or entity, that you are to provide its full legal name, the address for its current or last known principal place of business, its current or last known telephone number, and the identity of persons representing or employed by it having knowledge of the matters related to this lawsuit; and

(c)      with respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g., letter, inter-office memo, etc.).

7.      The terms "identify" and "identity" when used with respect to an activity means to provide:

(a)      a description of each action, occurrence, transaction, statement, communication, or conduct constituting the activity;

(b)      the date it occurred;

(c)      the location at which it occurred;

(d)     the identity of all persons and entities involved; and

(e)     the identity of each document relating to the activity.

8.     The term "describe" when used with respect to an activity, transaction, relationship, thing, or occurrence, means to provide:

(a)     a full description of such activity, transaction, relationship, thing, or occurrence by reference to underlying facts including complete references to:

(i)     date(s);

(ii)     location(s);

(iii)     persons or entities involved; and

(iv)     manner of means employed;

(b)     the identity of your sources of information and the date on which you received such information;

(c)     the identity of each person or entity having knowledge of such activity, transaction, relationship, thing, or occurrence; and

(d)     the identity of each document that refers or relates to such activity, transaction, relationship, thing, or occurrence.

9.     With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."   Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

"Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## INSTRUCTIONS

1.    In your responsive document, you must answer each interrogatory separately and fully in writing under oath in accordance with Rule 197 of the Texas Rules of Civil Procedure. Each interrogatory must be restated immediately prior to the separate and full answer to that interrogatory.

2.    These interrogatories seek answers as of the date of the service hereof but also impose a continuing duty to supplement and correct as necessary in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, so that any additional or different information relating in any way to these interrogatories and your answers to these interrogatories, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected answers to the interrogatories after such information is acquired or becomes known.

3.    As the responding party, you must sign the answers under oath; however, you may state when answers are based on information obtained from other persons. An attorney or agent is not permitted to sign the answers under oath for you.

4.    In the event any interrogatory cannot be fully answered after the exercise of reasonable diligence, you must furnish as complete an answer as you can and explain the reasons why you cannot give a full answer, what is needed for you to give a full answer, and approximately when you will be able to give a full answer.

5.    If you object to or otherwise refuse to answer any portion or any aspect of an interrogatory, (i) state the grounds of your objection or reason for your refusal with specificity, and (ii) respond to the remainder of the interrogatory to which you do not object or refuse to answer as follows:

a.     If you object to an interrogatory on the grounds that it is too broad (i.e., that you believe the request calls for information that is both relevant and not relevant to the subject matter of the action), you must answer the interrogatory by providing as much information and documents which you believe may be relevant;

b.     If you object to an interrogatory on the ground that to provide an answer or documents would constitute an undue burden, then you must provide as much information and documents as can be provided without undertaking an undue burden; and

c.     If you object to any portion of an interrogatory on the ground that it is vague, ambiguous, or indefinite, then you must state your understanding of the allegedly vague, ambiguous, or indefinite term(s) and then answer the interrogatory and produce documents based on your stated understanding.

6.     If multiple persons or entities can answer for you, each person or entity must give a separate and full answer to each interrogatory unless the answer is the same for all persons or entities that can answer for you.

7.     In each question wherein you are asked to identify a person, please state that person's full name, last known address, and telephone number.  If the person to be identified is not a natural person (e.g. a corporation) give its name, address, and principal business activity.

8.     Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

9.     These interrogatories are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these interrogatories, and

are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these interrogatories.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name, address, telephone number, and position or job title of all persons you communicated with regarding Plaintiff's claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify and describe your training, education, licenses, certifications, and other qualifications to investigate, evaluate, and/or adjust property damage claims, including claims for hurricane, hail, wind, water, and roof damage, under commercial insurance policies.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify and describe the steps you took and tasks you completed to investigate, evaluate, and/or adjust Plaintiff's claim(s) made the basis of this lawsuit, including all start and finish dates for those steps and tasks and the identity of the persons with whom you communicated for each of those steps and tasks.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify and describe the policies, procedures, and practices you followed to investigate, evaluate, and/or adjust Plaintiff's claim(s) made the basis of this lawsuit, including the date when each such policy, procedure, and practice was implemented and the identity of the person or entity who implemented each such policy, procedure, and practice.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify and describe the guidance or instructions you were given to investigate, evaluate, and/or adjust Plaintiff's claim(s) made the basis of this lawsuit, including the date(s) when such guidance or instructions were given and the identity of each person who gave you such guidance or instructions.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify and describe the facts, data, information, statements, and documents that you reviewed, considered, or relied on to determine or estimate the cause, scope,

and/or amount of damage to Plaintiff's property that you found was a covered loss on Plaintiff's claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify and describe the facts, data, information, statements, and documents that you reviewed, considered, or relied on to determine or estimate the cause, scope, and/or amount of damage to Plaintiff's property that you found was not a covered loss on Plaintiff's claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify and describe all documents, reports, notes, photographs, and tests you completed to investigate, evaluate, and/or adjust Plaintiff's claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify and describe all documents, reports, notes, photographs, and tests that were provided to you to investigate, evaluate, and/or adjust Plaintiff's claim(s) made the basis of this lawsuit, including the date(s) when such documents, reports, notes, photographs, or tests were provided to you and the identity of each person who provided you with such documents, reports, notes, photographs, or tests.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify and describe each oral or written communication between you and Plaintiff, or any employee, representative, or agent of Plaintiff, relating to Plaintiff's claim(s) made the basis of this lawsuit, including the date of each such communication, the identity of the person with whom you communicated, the type of communication, and the general substance of that communication.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify and describe each oral or written communication between you and any employee, representative, or agent of Arch Specialty relating to Plaintiff's claim(s) made the basis of this lawsuit, including the date of each such communication, the identity of the person with whom you communicated, the type of communication, and the general substance of that communication.

**ANSWER:**

**INTERROGATORY NO. 13:** Do you contend that any act or omission on the part of Plaintiff, or any employee, representative, or agent of Plaintiff, in any way affected your ability to conduct an adequate investigation, evaluation, or adjustment of Plaintiff's claim(s) made the basis of this

lawsuit? If yes, please identify and describe each such act or omission, including the date of the occurrence and the person responsible for such act or omission.

**ANSWER:**

**INTERROGATORY NO. 14:** State the cause number, style, and court for each lawsuit filed against you in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055, at seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under property insurance policies.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe your criminal history, including any felonies and crimes involving a dishonest act or false statement, for which you were convicted or released from confinement in the past ten years.

**ANSWER:**