UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P.<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:17-cv-00311-KC |
| ARCH SPECIALTY INSURANCE<br>COMPANY and ROBERT BETTS,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    Arch Specialty Has a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.    Applicable Methods and Pleading Standard for Improper Joinder Analysis . . . . . . . . 3

        C.    Under Texas Law, an Insurance Adjuster Like Betts Can Be Held Liable for Violations of the Texas Insurance Code and DTPA . . . . . . . . . . . . . . . . . . . . . . . . 4

        D.    Marminco's First Amended Petition Sufficiently States at Least One Plausible Claim on which It May Possibly Recover Against Betts . . . . . . . . . . . . . . . . . . . . . . 5

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

## TABLE OF AUTHORITIES

**Statutes and Rules**

Tex. Bus. & Com. Code § 17.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11 n.4

Tex. Ins. Code § 541.002(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Ins. Code § 541.051(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Ins. Code § 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4) & (a)(7) . . . . . . . . . . . . . . . . . . . . . 10, 11

Tex. Ins. Code § 541.151(1), (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**Federal Cases**

*Acuna v. Brown & Root, Inc.*,
    200 F.3d 335 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Affordable Portable Structures, Inc. v. The Cincinnati Ins. Co.*,
    No. 1:16-CV-1267-RP, 2017 WL 2266903 (W.D. Tex. May 23, 2017) . . . . . . . . . . . . . 11

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
    44 F.3d 256 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Crowe v. Coleman*,
    113 F.3d 1536 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*De Aguilar v. Boeing Co.*,
    47 F.3d 1404 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Esteban v. State Farms Lloyds*,
    23 F. Supp. 3d 723 (N.D. Tex. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*First Baptist Church v. GuideOne Mut. Ins. Co.*,
    No. 1:07–CV–988, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008) . . . . . . . . . . . . . . . . 5

*Gasch v. Hartford Indem. Co.*,
    491 F.3d 278 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Order in *Gaytan v. State Farm Lloyds*,
    No. DR-15-CV-134-AM (W.D. Tex. filed Sept. 27, 2016) (attached as Exhibit C) . . . . . 11

*Grey v. Beverly Enters.-Miss., Inc.*,
    390 F. 3d 400 (5th Cir 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Howery v. Allstate Ins. Co.*,
     243 F.3d 912 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hughes v. Tobacco Institute, Inc.*,
     278 F.3d 417 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*,
     818 F.3d 193 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 n.2, 4

*Kris Hospitality LLC, d/b/a Days Inn v. Tri-State Ins. Co. of Minn.*,
     No. SA-16-CV-01229-XR, 2017 WL 437424 (W.D. Tex. Jan. 31, 2017) . . . . . . . . . . . . 11

*Land v. Wal-Mart Stores of Texas*,
     No. SA-14-CV-009-XR, 2014 WL 585408 (W.D. Tex. Feb. 13, 2014) . . . . . . . . . . . . . . 4

*Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*,
     No. SA–08–CA–736–FB, 2008 WL 5686084 (W.D. Tex. Dec. 15, 2008) . . . . . . . . . . . . 5

*Martinez v. State Farm Lloyds*,
     No. 3:16-cv-00040-M, 2016 WL 4427489 (N.D. Tex. Aug. 22, 2016) . . . . . . . . . . . . . . 11

*Mehar Holdings, LLC v. Evanston Ins. Co.*,
     No. 5:16-CV-491-DAE, 2016 WL 5957681 (W.D. Tex. Oct. 14, 2016) . . . . . . . . . . 10, 11

Order in *Negrete v. State Farm Lloyds*,
     No. DR-15-CV-114-AM (W.D. Tex. filed Sept. 27, 2016) (attached as Exhibit B) . . . . . 11

*Richard v. Geovera Specialty Ins. Co.*,
     No. 4:16-CV-2496, 2016 WL 6525438 (S.D. Tex. Nov. 3, 2016) . . . . . . . . . . . . . . . . . 11

*Roach v. Allstate Vehicle and Property Insurance Co.*,
     No. 3:15-CV-3228-G, 2016 WL 795967 (N.D. Tex. Feb. 29, 2016) . . . . . . . . . . . . . . . . 10

*Rocha v. Geovera Specialty Ins. Co.*,
     No. 7:13–CV–589, 2014 WL 68648 (S.D. Tex. Jan. 8, 2014) . . . . . . . . . . . . . . . . . . . . . 5

*Shree Kuber Baba LLC v. Columbia Mut. Ins. Co.*,
     No. SA-16-CA-01073-FB, 2017 WL 3274906 (W.D. Tex. Feb. 10, 2017),
     report and recommendation adopted, No. SA-16-CA-1073-FB,
     2017 WL 3274905 (W.D. Tex. Feb. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*,
     99 F.3d 746 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Smallwood v. Illinois Cent. R. Co.*,
     385 F.3d 568 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Sparky's Storage Solutions, Ltd. v. Lexington Ins. Co.*,
    No. 2:16-CV-022-J, 2016 WL 6662259 (N.D. Tex. Nov. 9, 2016) . . . . . . . . . . . . . . . . . . 11

*Stifting v. Plains Marketing, L.P.*,
    603 F.3d 295 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*,
    No. 3:15-CV-1183-B, 2015 WL 5836226 (N.D. Tex. Sept. 30, 2015) . . . . . . . . . . . . . . . 11

*Travis v. Irby*,
    326 F.3d 644 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Texas State Cases**

*Allstate Ins. Co. v. Kelly*,
    680 S.W.2d 595 (Tex. App.—Tyler 1984, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . 5

*Ennis v. Loiseau*,
    164 S.W.3d 698 (Tex. App.—Austin 2005, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gore v. Scotland Golf, Inc.*,
    136 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied) . . . . . . . . . . . . . . . . . . . . 4

*Kingston v. Helm*,
    82 S.W.3d 755 (Tex. App.—Corpus Christi 2002, pet. denied) . . . . . . . . . . . . . . . . . . 4

*Leyendecker & Assocs., Inc. v. Wechter*,
    683 S.W.2d 369 (Tex. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*,
    966 S.W.2d 482 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Miller v. Keyser*,
    90 S.W.3d 712 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shapolsky v. Brewton*,
    56 S.W.3d 120 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) . . . . . . . . . . . . . . 4

*Vail v. Texas Farm Bur. Mut. Ins. Co.*,
    754 S.W.2d 129 (Tex. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Walker v. Anderson*,
    232 S.W.3d 899 (Tex. App.—Dallas 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Webb v. Int'l Trucking Co.*,
    909 S.W.2d 220 (Tex. App.—San Antonio 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF ISSUES

1. Has Defendant Arch Specialty Insurance Company met its burden to prove diversity jurisdiction based on allegations of improper joinder?

**I.     INTRODUCTION**

Plaintiff Marminco III Family, L.P. ("Marminco") files this motion to remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case because of the lack of subject matter jurisdiction and lack of proof of improper joinder. As further explained below, the Court lacks subject matter jurisdiction because Defendant Arch Specialty Insurance Company ("Arch Specialty") has not met its burden to prove that Marminco cannot possibly recover against Defendant Robert Betts. Rather, Texas law provides a basis for Marminco to possibly prevail against Betts and Marminco's petition alleges sufficient facts to state at least one plausible claim against Betts. For these reasons, Marminco's motion to remand should be granted.

**II.    FACTUAL BACKGROUND**

Marminco filed this case in state court to assert state causes of action related to an insurance claim for storm damages to its shopping center located in El Paso, Texas. (*See generally* Exhibit A, Pl.'s 1st Am. Pet.). Its First Amended Petition alleges causes of action against its insurer, Arch Specialty, and the adjuster assigned to its insurance claim, Betts. (*Id.* at 3–18). In part, Marminco alleges causes of action against Betts for violations of the Texas Insurance Code and DTPA. (*Id.* at 8–11). Marminco is a Texas citizen that resides in Texas. (*Id.* at 1; *see also* Dkt. No. 1, Removal Notice at ¶ 8). Betts is also a Texas citizen who resides in Texas. (*See* Exhibit A Exhibit A, Pl.'s 1st Am. Pet. at 2; *see also* Dkt. No. 1, Removal Notice at ¶ 10). Thus, the parties lack complete diversity. Nevertheless, Arch Specialty filed its notice of removal asserting there is complete diversity between itself and Marminco, and that Betts should be disregarded as improperly joined. (*See generally* Dkt. No. 1, Removal Notice).

### III. ARGUMENT AND AUTHORITIES

#### A. Arch Specialty Has a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder

Federal courts must presume that cases lie outside their limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To make this determination, the district court considers the claims in the state court petition, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). To establish diversity jurisdiction, the removing party must prove that every non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1] *Id*.

Under the second prong, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* For this test, the court should analyze the allegations in the plaintiff's petition to determine whether it states a claim under state law

---

[1] This motion only addresses the second test because Arch Specialty's Notice of Removal did not allege actual fraud in the pleading of jurisdictional facts as the basis for removal of this case.

against the in-state defendant. *Id.* The court must accept as true all relevant allegations contained in the plaintiff's petition and construe all factual and legal ambiguities in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*, 99 F.3d 746, 751–52 (5th Cir. 1996). The court does not weigh the merits of the plaintiff's claim but only determines whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Sid Richardson*, 99 F.3d at 751–52.

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004). The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis*, 326 F.3d at 649. The court lacks subject matter jurisdiction when the removing party does not carry its heavy burden of proving joinder was improper. *Smallwood*, 385 F.3d at 576.[2]

### B. Applicable Methods and Pleading Standard for Improper Joinder Analysis

The issue of whether a plaintiff has a reasonable basis of recovery under state law may be resolved in one of two ways: (1) the court may conduct a Rule 12(b)(6)-type analysis of the allegations in the petition to determine whether the plaintiff states a claim; or (2) in rare cases, the court may pierce the pleadings to conduct a summary-judgment-like inquiry to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery. *Smallwood*, 385 F.3d at 573–74. Generally, the second method only applies in cases where the plaintiff has stated a claim but has also misstated or omitted discrete facts that would determine the propriety of a non-diverse defendant's joinder. *Id.* at 573. Such a summary inquiry should not involve substantial hearings and should only allow narrowly tailored discovery based on a showing of

---

[2] However, if the court determines that a non-diverse defendant has been improperly joined, that party can only be dismissed *without* prejudice. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

necessity. *Id.* at 574. Moreover, the motive or purpose of the joinder is not relevant. *Id.*

For the first method, the Fifth Circuit changed the law in March of 2016 to impose the federal pleading standard when determining whether a plaintiff has stated a claim against a non-diverse defendant. *See Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016). This holding is the governing law for an improper joinder analysis. Neither Marminco nor Arch Specialty submitted any evidence for the Court to consider. Thus, the appropriate method for the Court to apply is a Rule 12(b)(6)-like analysis of Marminco's First Amended Petition under the federal pleading standard.

    **C.    Under Texas Law, an Insurance Adjuster Like Betts Can Be Held Liable for Violations of the Texas Insurance Code and DTPA**

Under Texas law, an agent is personally liable for his own tortious acts that he directs or participates in during his employment, even when those acts were performed as a representative. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007, no pet.); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied); *Kingston v. Helm*, 82 S.W.3d 755, 758–59 (Tex. App.—Corpus Christi 2002, pet. denied). An agent is liable for his own torts even where his employer is also liable for the same actions. *See Shapolsky v. Brewton*, 56 S.W.3d 120, 133 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). An agent cannot escape liability where he directly participated in the wrongdoing. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.); s*ee also Land v. Wal-Mart Stores of Texas*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014).

Under the Texas Insurance Code, a "person" subject to liability is defined in part as any "individual . . . engaged in the business of insurance," which specifically includes any adjuster. Tex. Ins. Code §§ 541.002(2) & 541.151(1). The Texas Supreme Court has long held that an

insurer's employee "engaged in the business of insurance" is a "person" that may be held individually liable for violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). The Texas Supreme Court also long ago recognized that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988).

Based on Texas law, the Fifth Circuit has also held that a claims adjuster responsible for the servicing of insurance policies is engaged in the business of insurance and subject to the Texas Insurance Code. *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Similarly, numerous decisions within this circuit have held that independent adjusters are subject to liability under the Texas Insurance Code. *See, e.g.*, *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 728–31 (N.D. Tex. 2014); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13–CV–589, 2014 WL 68648, at *2–4 (S.D. Tex. Jan. 8, 2014); *Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA–08–CA–736–FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, *5 & n. 8 (E.D. Tex. Sept. 29, 2008). Furthermore, the Texas Insurance Code and DTPA "each grant relief for unfair or deceptive acts or practices in the business of insurance," *Vail*, 754 S.W.2d at 132; *see also* Tex. Bus. & Com. Code § 17.50(a)(4); Tex. Ins. Code § 541.151(2), and an insured has standing to base DTPA claims on acts committed during the investigation of an insurance claim, *see Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 603 (Tex. App.—Tyler 1984, writ ref'd n.r.e.); *cf. Webb v. Int'l Trucking Co.*, 909 S.W.2d 220, 223, 228–30 (Tex. App.—San Antonio 1995, no writ). Thus, an adjuster like Betts can be held liable for violations of the Texas Insurance Code and DTPA.

### D. Marminco's First Amended Petition Sufficiently States at Least One Plausible Claim on which It May Possibly Recover Against Betts

The allegations in Marminco's First Amended Petition pertinent to its claims against the

non-diverse defendant insurance adjuster, Betts, are as follows:

- A. Plaintiff is the owner of a Texas Commercial Property Policy No. ANC0004090, issued by Arch Specialty (the "Policy"). The Policy provides coverage for damage caused by covered perils including hail damage and wind damage.

- B. Plaintiff owns the insured property . . . , which is specifically located at 5012-5034 Alameda Ave., El Paso, Texas 79905 (the "Property"). The Property is a 32,000+ square foot, one-story shopping center.

- C. Arch Specialty, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

    . . . .

- E. In or about November 2016, Plaintiff experienced a storm that damaged the Property. The storm damage to Plaintiff's Property was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by covered perils, including: (1) hail and wind damage to the roofs of the shopping center, including damaged built-up roofing, roof coatings, parapet walls, membrane roofing, insulation, exhaust caps, furnace vents, roof drains, and flashing; and (2) hail and wind damage to multiple roof-mounted A/C units and ductwork. In particular, the storm damage substantially compromised the integrity of the roofs requiring replacement of the roofs.

- F. Plaintiff timely submitted an insurance claim to Arch Specialty for all of the covered damage caused by the storm, and Arch Specialty assigned claim number 000013020230 to Plaintiff's insurance claim. Arch Specialty assigned Robert Betts ("Mr. Betts"), to adjust Plaintiff's insurance claim. Mr. Betts was an agent and representative of Arch Specialty in regard to Plaintiff's insurance claim. Mr. Betts also acted as an insurance adjuster engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's insurance claim.

- G. As the assigned adjuster, Mr. Betts was authorized and tasked to investigate the insurance claim, determine the cause of loss, estimate the costs to repair or replace covered damages, and ultimately effectuate a settlement of the insurance claim. Mr. Betts was also charged with communicating with Plaintiff about Policy terms, coverage, and payment, and to obtain any information about the Property and storm damage reasonably required to resolve the insurance claim. However, Mr. Betts was not qualified to properly evaluate the storm damages to the Property; Mr. Betts was improperly and inadequately trained to adjust Plaintiff's insurance claim in a fair, accurate, and timely manner; and Arch Specialty failed to ensure that Mr. Betts was properly and adequately trained and qualified to properly evaluate the storm

        damages and adjust the insurance claim. Mr. Betts also employed claim handling practices intended to deny coverage, underpay insurance claims, and delay payment as much as possible. As a result, Mr. Betts was not diligent in the handling and resolution of Plaintiff's insurance claim, failed to timely and reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, misrepresented pertinent facts and Policy provisions, and Arch Specialty and Mr. Betts thereby improperly denied full coverage and payment for the entire covered loss.

H. When he inspected the Property, Mr. Betts was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, including determining the cause of and then quantifying the damage done to the Property. However, Mr. Betts conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property. As a result, Mr. Betts's inspection, estimate, and adjustment of the insurance claim did not allow for adequate funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy.

I. In part, Mr. Betts spent little time inspecting the Property overall, focused his investigation primarily on the parapet walls of the roofs, and gave cursory attention to the remaining roof surfaces of the Property. Although he observed hail damage to the built-up roofing, Mr. Betts did not conduct any testing of the roofs that would have enabled him to identify the extent of the hail and wind damage that substantially compromised the integrity of the roofs, and which his cursory visual inspection failed to identify. As a result of his inadequate inspection, Mr. Betts failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from his estimate, areas of storm damage that were part of the covered loss under the Policy, including: (1) most of the hail and wind damage to the roofs of the shopping center, including damaged built-up roofing, roof coatings, membrane roofing, insulation, exhaust caps, furnace vents, roof drains, and flashing; and (2) most of the hail and wind damage to multiple roof-mounted A/C units.

J. Instead, Mr. Betts only accounted for some hail damage to 5 roof-mounted A/C units and portions of parapet walls and built-up roofing. Nevertheless, Mr. Betts also under-estimated and misrepresented the actual cost to repair or replace the underscoped hail damage he included in his estimate, particularly with respect to the necessary costs of materials, labor, and contractor overhead and profit. Moreover, despite his limited inspection, Mr. Betts further assumed and misrepresented that any other damage to the Property was not caused by hail or wind and was therefore not covered under the Policy. To ostensibly effectuate a settlement of Plaintiff's insurance claim, Mr. Betts prepared an estimate to misrepresent that only $36,957.25 was due on the insurance claim. Thus, Mr. Betts misrepresented material facts regarding lack of coverage for the omitted storm damages and the costs of

      needed repairs, replacements, materials, and contractor overhead and profit.

K.    Based upon Mr. Betts's inspection, estimate, and adjustment, Arch Specialty denied coverage for a substantial portion of the damages to the Property caused by the storm and determined that only $36,957.25 was due on Plaintiff's insurance claim, even though the actual scope and cost to repair or replace Plaintiff's Property far exceeds the scope and amount of Mr. Betts's estimate. Indeed, Plaintiff retained its own adjuster who determined that the actual cost to repair or replace the Property for all of the covered damage described above exceeds $495,000. Plaintiff's adjuster contacted and attempted to work with Mr. Betts and Arch Specialty to resolve Plaintiff's insurance claim and obtain payment for the full value of all the covered damage described above. However, Mr. Betts and Arch Specialty refused to accept any findings or information provided by Plaintiff's adjuster. Instead, months after Plaintiff submitted the claim, Arch Specialty sent a letter to Plaintiff that acknowledged coverage for only the items Mr. Betts accounted for and denied coverage for all other damage to the Property caused by the storm, which Arch Specialty based largely on Mr. Betts's misrepresentations described above.

L.    As described above, Defendants Arch Specialty and Mr. Betts demonstrated they did not conduct a thorough and reasonable investigation of Plaintiff's insurance claim, misrepresented material facts regarding lack of coverage for omitted storm damages, and misrepresented the cause of, scope of, and cost to repair or replace the damage to Plaintiff's Property as well as the amount of and insurance coverage for Plaintiff's insurance claim and covered loss. Mr. Betts made these and other misrepresentations to Plaintiff and Arch Specialty. Plaintiff and Arch Specialty relied on Mr. Betts's misrepresentations, and Plaintiff has been damaged as a result of such reliance. Mr. Betts's misrepresentations caused Arch Specialty to underpay Plaintiff's insurance claim, and Arch Specialty's misrepresentations caused Plaintiff to pay for insurance and submit an insurance claim that did not—as promised—pay the full value of the loss and damage to Plaintiff's Property caused by covered perils, including loss and damage caused by hail and wind. As a result, Plaintiff has not been able to properly and completely repair or replace the damages to the Property, which has caused additional and further damage to the Property.

      . . . .

N.    Defendants Arch Specialty and Mr. Betts failed to fairly evaluate and adjust Plaintiff's insurance claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage to Plaintiff, Arch Specialty and Mr. Betts engaged in unfair insurance and settlement practices prohibited under Texas law.

O. Defendant Mr. Betts made, issued, and circulated an estimate and related statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

P. Defendants Arch Specialty and Mr. Betts misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

Q. Defendants Arch Specialty and Mr. Betts failed to make a good faith attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although they were aware of the clear liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

R. Defendants Arch Specialty and Mr. Betts failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's insurance claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

S. Defendants Arch Specialty and Mr. Betts failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire insurance claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

T. Defendants Arch Specialty and Mr. Betts refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Arch Specialty and Mr. Betts performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

(*See* Exhibit A, , Pl.'s 1st Am. Pet. at 3–10).

Based on these alleged facts, Marminco asserts causes of action against Betts in part for

violations of Chapter 541 of the Texas Insurance Code. Specifically, Marminco alleges that Betts engaged in false, misleading, and deceptive acts or practices in the business of insurance; engaged in unfair claim settlement practices; made, issued, or circulated an estimate or statement that misrepresented the promised benefits under the policy; misrepresented pertinent facts or policy provisions relating to the coverage at issue; did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear; failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denying the claim; failed to affirm or deny coverage of the claim within a reasonable time; and refused to pay the claim without conducting a reasonable investigation. (*Id.* at 14–16) (asserting claims under sections 541.051(1)(B), 541.060(a)(1), 541.060(a)(2), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code). Marminco further alleges that Betts's conduct described in the petition was a proximate cause of and has resulted in its damages described in the petition, and was done knowingly as that term is used in the Texas Insurance Code. (*Id.* at 16).

Although district courts have had differing views, any split of authority regarding an adjuster's possible liability under the Texas Insurance Code must be resolved in favor of remand. *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Roach v. Allstate Vehicle and Property Insurance Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016). At a minimum, courts have found sufficiently pleaded claims to hold adjusters "personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2)."[3] *Roach*, 2016 WL 795967, at *5; *see also*

---

[3] This is so because an adjuster is "the person primarily responsible for investigating and evaluating insurance claims," and "has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims." *Roach*, 2016 WL 795967, at *5.

*Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *4–6 (S.D. Tex. Nov. 3, 2016); *Mehar Holdings*, 2016 WL 5957681, at *4; *Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016); *The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015). Other courts have found sufficiently pleaded claims against adjusters for violating Sections 541.060(a)(1), (a)(3), (a)(4), and/or (a)(7) of the Texas Insurance Code. *See, e.g.*, *Affordable Portable Structures, Inc. v. The Cincinnati Ins. Co.*, No. 1:16-CV-1267-RP, 2017 WL 2266903, at *2–3 (W.D. Tex. May 23, 2017); *Shree Kuber Baba LLC v. Columbia Mut. Ins. Co.*, No. SA-16-CA-01073-FB, 2017 WL 3274906, at *3–6 (W.D. Tex. Feb. 10, 2017), report and recommendation adopted, No. SA-16-CA-1073-FB, 2017 WL 3274905 (W.D. Tex. Feb. 28, 2017); *Kris Hospitality LLC, d/b/a Days Inn v. Tri-State Ins. Co. of Minn.*, No. SA-16-CV-01229-XR, 2017 WL 437424, at *3–5 (W.D. Tex. Jan. 31, 2017); Order in *Negrete v. State Farm Lloyds*, No. DR-15-CV-114-AM, at 10–16 (W.D. Tex. filed Sept. 27, 2016) (attached as Exhibit B); Order in *Gaytan v. State Farm Lloyds*, No. DR-15-CV-134-AM, at 6-12 (W.D. Tex. filed Sept. 27, 2016) (attached as Exhibit C); *see also Sparky's Storage Solutions, Ltd. v. Lexington Ins. Co.*, No. 2:16-CV-022-J, 2016 WL 6662259, at *2–3 (N.D. Tex. Nov. 9, 2016).

Compared to the allegations in *Affordable Portable Structures*, *Shree Kuber Baba*, *Kris Hospitality*, *Sparky's Storage Solutions*, *Negrete*, *Gaytan*, *Mehar Holdings*, *Richard*, *Martinez*, and *The Denley Group*, Marminco alleges sufficient facts to state one or more plausible claims against Betts under Section 541.060 of the Texas Insurance Code.[4] Thus, a reasonable basis exists for the Court to predict that Marminco might possibly prevail against Betts on a cause of action long recognized under Texas law. Whether or not Marminco can ultimately prevail against Betts is not

---

[4] Notably, a violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. *See* Tex. Bus. & Com. Code § 17.50(a)(4).

at issue for purposes of a remand. *See Gasch*, 491 F.3d at 282–83. Conversely, Arch Specialty has failed to meet its burden to prove improper joinder. Therefore, the Court lacks subject matter jurisdiction and must remand this case.

## IV.  CONCLUSION

For the above reasons, Marminco respectfully requests that the Court grant this motion and remand this case to the County Court at Law No. 6 in El Paso County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

Respectfully submitted,

**ALLAN, NAVA & GLANDER, PLLC**
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Phone:  (210)  305-4220
Fax:  (210)  305-4219
serveone@anglawfirm.com

By:  */s/ William N. Allan, IV*
WILLIAM N. ALLAN, IV
State Bar No. 24012204

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7(i), counsel for Plaintiff and Defendants have conferred in a good-faith attempt to resolve this matter by agreement. Defendants' counsel indicated that Defendants oppose this motion and the relief requested in this motion. Therefore, this motion is filed as opposed.

*/s/ William N. Allan, IV*
WILLIAM N. ALLAN, IV

## CERTIFICATE OF SERVICE

      I hereby certify that, on November 10, 2017, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Kristin C. Cummings
Victoria L. Vish
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Phone: (214) 742-3000
Fax: (214) 760-8994
kcummings@zelle.com
vvish@zelle.com

                                      */s/ William N. Allan, IV*
                                      WILLIAM N. ALLAN, IV