THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P. | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:17-cv-00311-KC |
| ARCH SPECIALTY INSURANCE COMPANY AND ROBERT BETTS, | § § § § § | |
| *Defendants*. | § | |

## DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant Arch Specialty Insurance Company ("Arch") files this Response to the Motion to Remand ("Motion") of Plaintiff Marminco III Family, L.P. and respectfully states as follows:

### I.  SUMMARY OF RESPONSE

1.  Plaintiff's Motion should be denied in its entirety because Defendant Robert Betts ("Betts") was improperly joined to defeat this Court's diversity jurisdiction. Plaintiff's First Amended Petition ("Amended Petition") names Arch and Betts as defendants and asserts Defendants violated the Texas DTPA and Texas Insurance Code.[1]

2.  Arch's Removal was proper because there is no reasonable possibility of recovery against Betts. Plaintiff has not asserted an independent injury against Betts, nor has Plaintiff asserted sufficient factual allegations that support the causes of action alleged against Betts.[2]

---

[1] *See* Plaintiff's Amended Petition, pp. 11-18.

[2] *See generally*, Plaintiff's Amended Petition.

3. Because there is complete diversity of citizenship between Plaintiff and Arch, and the amount in controversy exceed $75,000,[3] the Court should retain jurisdiction over this matter.

## II. FACTUAL BACKGROUND

4. Plaintiff commenced this lawsuit on August 31, 2017, by filing Plaintiff's Petition in County Court at Law No. 6 of El Paso County, Texas – Cause No. 2017-DCV-3025. Plaintiff filed its First Amended Petition ("Amended Petition") on September 12, 2017.

5. Arch filed its Notice of Removal on October 10, 2017. Plaintiff filed its Motion on November 10, 2017 to which Arch timely files this Response.

## III. ARGUMENTS AND AUTHORITIES

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.[4]

7. Per the Fifth Circuit case, *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016), the improper joinder analysis is governed by the 12(b)(6) federal pleading standard.[5] Under the Rule 12(b)(6) analysis, the Court looks at Plaintiff's Amended Petition filed in state court.[6] To survive a Rule 12(b)(6) threshold standard, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7]

---

[3]   *See* Defendant Arch Specialty Insurance Company's Notice of Removal [Doc. 1].

[4]   *See* Defendant Arch Specialty Insurance Company's Notice of Removal [Doc. 1].

[5]   *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (abrogating three post-*Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading standard).

[6]   *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion).

[7]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

8. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9] As explained by the United States Supreme Court, "a Rule 12(b)(6) motion turns on the sufficiency of the "factual allegations in the complaint."[10]

9. Relying on this standard, the removing party establishes improper joinder by demonstrating: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[11] Under the second prong of the improper joinder doctrine, a defendant who "demonstrate[s] that there is no possibility of recovery by the plaintiff against an in-state defendant," or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant [,]" successfully demonstrates improper joinder.[12]

### A. **Plaintiff's threadbare factual allegations do not establish a reasonable possibility of recovery under the Federal pleading standard.**

10. Plaintiff's factual allegations are insufficient under the federal pleading standard.[13] Factual allegations must "raise a right to relief above the speculative level."[14] The Court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id*.

[10] *See Smith v. Bank of Am., N.A.*, 615 Fed. Appx. 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

[11] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[12] *Id*.

[13] *Int'l Energy Ventures,* 818 F.3d at 207-08.

[14] *Bell Atl.,* 550 U.S. at 545.

allegations, unwarranted deductions, or legal conclusions.[15] A pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and/or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[16]

11. Here, Plaintiff's Amended Petition fails to assert sufficient factual allegations against Betts. Plaintiff asserts only generalized, generic statements pertaining to Betts's alleged misconduct. For instance, Plaintiff states:

- "Mr. Betts was not qualified to properly evaluate the storm damages to the Property;"
- "Mr. Betts was improperly and inadequately trained to adjust Plaintiff's insurance claim in a fair, accurate and timely manner;"
- "Mr. Betts thereby improperly denied full coverage and payment for the entire covered loss;" and
- "Mr. Betts conducted a substandard inspection…"[17]

12. These factual allegations are hardly sufficient to support any reasonable cause of action against Betts. The statements lack specificity and simply parrot certain language contained in provisions of the Texas Insurance Code and Texas DTPA. Under the proper Rule 12(b)(6)-type analysis, these are insufficient factual allegations, and **the court is left to guess whether a reasonable possibility of recovery against them exists under Texas law**.

13. Furthermore, and as elaborated upon below, Plaintiff's other factual allegations, which attempt to support the claims against Betts, fail to establish independent injury from the injury asserted against Arch.[18]

---

[15]   *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[16]   *Ashcroft,* 556 U.S. at 678.

[17]   *See* Plaintiff's Amended Petition, pp. 4-6.

[18]   *See generally*, Plaintiff's Amended Petition, pp. 5-8.


allegations, unwarranted deductions, or legal conclusions.[15] A pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and/or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[16]

11. Here, Plaintiff's Amended Petition fails to assert sufficient factual allegations against Betts. Plaintiff asserts only generalized, generic statements pertaining to Betts's alleged misconduct. For instance, Plaintiff states:

- "Mr. Betts was not qualified to properly evaluate the storm damages to the Property;"
- "Mr. Betts was improperly and inadequately trained to adjust Plaintiff's insurance claim in a fair, accurate and timely manner;"
- "Mr. Betts thereby improperly denied full coverage and payment for the entire covered loss;" and
- "Mr. Betts conducted a substandard inspection…"[17]

12. These factual allegations are hardly sufficient to support any reasonable cause of action against Betts. The statements lack specificity and simply parrot certain language contained in provisions of the Texas Insurance Code and Texas DTPA. Under the proper Rule 12(b)(6)-type analysis, these are insufficient factual allegations, and **the court is left to guess whether a reasonable possibility of recovery against them exists under Texas law**.

13. Furthermore, and as elaborated upon below, Plaintiff's other factual allegations, which attempt to support the claims against Betts, fail to establish independent injury from the injury asserted against Arch.[18]

---

[15]   *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[16]   *Ashcroft,* 556 U.S. at 678.

[17]   *See* Plaintiff's Amended Petition, pp. 4-6.

[18]   *See generally*, Plaintiff's Amended Petition, pp. 5-8.

B. **Plaintiff's causes of action against Betts fail to establish a reasonable possibility of recovery under the Federal pleading standard.**

14. Plaintiff's Amended Petition asserts that **both** Betts and Arch violated Chapter 541 of the Texas Insurance Code, specifically § 541.060(a)(1), § 541.060(a)(2), § 541.060(a)(4), § 541.060(a)(7), and § 541.060(a)(3) and the Texas DTPA. The factual allegations attempting to support these causes of action are insufficient to establish a reasonable possibility of recovery under the Federal pleading standard for the following reasons.

  a. **Plaintiff has not asserted independent injury against Betts.**

15. Plaintiff fails to establish any reasonable probability of recovery against Betts because there is no independent injury apart from that asserted against Arch.

16. Plaintiff does not (and cannot) allege breach of contract against Betts.[19] Thus, Plaintiff's claims are extra-contractual in nature. To be held individually liable, there must be some act committed that is not simply connected to the insurance company's denial of coverage.[20] Stated differently, there can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits.[21] **The manner in which the claim was investigated must be the proximate cause of the damages alleged**.[22]

---

[19] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

[20] *See McClelland v. Chubb Lloyd's Ins. Co. of Texas,* 5:16-CV-00108, 2016 WL 5791206, at *2 (W.D. Tex. Sept. 30, 2016) ("Adjusters "may be held individually liable for violations of the Texas Insurance Code ... [but] they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

[21] *See Parkans Int'l LLC v. Zurich Ins. Co.,* 299 F.3d 514, 519 (5th Cir. 2002).

[22] *See Sandoval v. Underwriters at Lloyd's London*, DR-15-CV-001-AM-VRG, 2015 WL 13134483 (W.D. Tex. Apr. 8, 2015) (acknowledging the standard set forth in *Provident Am Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998)).

17.     Here, Plaintiff has not alleged such a separate injury. For instance, Plaintiff intertwines alleged causes of action against **both** Arch and Betts.[23] In fact, Plaintiff refers to Arch and Betts together as "Defendants" under every single cause of action asserted against Betts.[24] In other words, Plaintiff's bare allegations against Betts are inextricably intertwined with Arch's as demonstrated by the following statements:

- "Defendants' [emphasis added] conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code § 541.060(a)(2)(A);"

- "Defendants' [emphasis added] conduct constitutes a violation of the Texas Insurance Code § 541.060(a)(3);"

- "Defendants' [emphasis added] conduct constitutes a violation of the Texas Insurance Code § 541.060(a)(4);"

- "Defendants' [emphasis added] conduct constitutes a violation of the Texas Insurance Code § 541.060(a)(7);"

- "As a result of Defendants' [emphasis added] wrongful acts and omissions;" and

- Defendants' [emphasis added] entire process is unfairly designed to reach favorable outcomes for the company…"[25]

18.     Plaintiff fails to articulate any injury by Betts for which he can be held personally liable, and therefore, Plaintiff has no possibility of recovery against Betts.[26]

### b. Plaintiff has no possibility of recovery against Betts for alleged violations of the Texas Insurance Code.

19.     As referenced above, Plaintiff claims several violations of the Texas Insurance Code. In the context of insurance and Texas Insurance Code Section 541.060, a

---

[23]   *See generally,* Plaintiff's Amended Petition.

[24]   *See id*.

[25]   Plaintiff's Amended Petition, pp. 9-11.

[26]   *See generally, McClelland*, 2016 WL 5781206.

misrepresentation must be both specific and affirmative to be actionable.[27] Moreover, "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."[28] Plaintiff fails to plead sufficient factual allegations[29] under the Federal pleading standard.

20. As to Plaintiff's claims brought against Betts pursuant to § 541.060(a)(2)(A) for failing to attempt in good faith to settle his claim, Plaintiff has alleged nothing to develop these assertions.[30] No policy provisions are referenced and Plaintiff gives no detail as to what claim under what portion of the Policy that Betts attempted to get him to settle or how it somehow was designed to influence the outcome of some other claim brought under a different portion of the policy.[31] The assertions are nothing more than unadorned accusations and insufficient under federal pleading standards.[32]

21. With respect to the § 541.060(a)(7) claim, Plaintiff contends that <u>Defendants</u> "performed an outcome-oriented investigation" designed to give Arch an "inequitable evaluation of Plaintiff's losses."[33] This District has held that these assertions lack substance and do nothing to describe "factual content that allow the [C]ourt to draw the reasonable inference that [Betts is]

---

[28] *McClelland*, 2016 WL 5791206, at *4 (quoting *Messersmith*, 10 F. Supp. 3d at 724).

[29] *See generally* Plaintiff's Amended Petition.

[30] *See, e.g., Richards v. Allstate Indem. Co.*, DR-16-CV-0177-AM-VRG, 2017 WL 3274470, at *7–8 (W.D. Tex. May 31, 2017), report and recommendation adopted, DR-16-CV-177-AM/VRG, 2017 WL 3274466 (W.D. Tex. June 19, 2017).

[31] *See generally*, Plaintiff's Amended Petition.

[32] *Id*. (citing *Iqbal*, 556 U.S. at 678).

[33] *See* Plaintiff's Amended Petition, pp. 9-10.

liable for the misconduct alleged."[34] Like the allegations in *Richards*,[35] these allegations merely describe Plaintiff's disagreement with the conclusions reached by two adjusters who inspected the Property, but they are nothing more than speculation as to the nefarious motivations Betts in conducting an investigations.[36] As such, these are insufficient to state a claim under federal standards.

22.  Plaintiff alleges that "Mr. Betts misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril."[37] Other Fifth Circuit courts found that "such allegations do not fall within the scope of this section of the Texas Insurance Code."[38] This is because statements about whether a claim is factually within the policy's terms "do not constitute a misrepresentations of the policy itself," and therefore do not "relate to the coverage at issue."[39] Evaluated under federal pleading standards, these factual allegations clearly are inadequate to state a claim against Betts. Rule 9(b) of the Federal Rules of Civil Procedure requires claims for misrepresentation to be alleged with specificity, and courts have interpreted this as requiring, "[a]t a minimum, ... allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the

---

[34]  *See Richards*, 2017 WL 3274470, at *7–8 (W.D. Tex. May 31, 2017).

[35]  2017 WL 3274470.

[36]  *Id.*

[37]  *See* Plaintiff's Amended Petition, pp. 7-8.

[38]  *See, e.g., Thomas v. State Farm Lloyds*, 3:15-cv-1937-B, 2015 WL 6751130, at *3 (N.D. Tex. Nov. 4, 2015) (citing *Mainali Corp. v. Covington Specialty Ins. Co.,* 2015 WL 5098047, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015); *Messersmith,* 10 F. Supp. 3d at 724).

[39]  *Avila v. Metro. Lloyds Ins. Co. of Texas*, 3:16-CV-3007-L, 2017 WL 1232529, at *11 (N.D. Tex. Feb. 21, 2017), report and recommendation adopted sub nom. *Avila v. Metro. Lloyds Ins.*, 3:16-CV-3007-L, 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017).

person making the misrepresentation and what he obtained thereby."[40] Plaintiff's factual allegations in support of his misrepresentation claims brought pursuant to § 541.060(a)(1) and § 541.051(1)(B) clearly lack the basic detail required under federal pleading standards to state a misrepresentation claim against Betts.[41]

23. Likewise, Plaintiff's allegations in support of his other claims brought pursuant to § 541.060 are insufficient to state a claim under federal standards. For example, Plaintiff asserts that Betts' conduct violated § 541.060(a)(4) because Betts failed to "affirm or deny coverage of Plaintiff's claim within a reasonable time because Plaintiff did not receive timely indication of acceptance or rejection about his claim."[42] Like the factual allegations asserted by the plaintiff in *Richards*, Plaintiff provides no dates for significant events and approximates no time frames for when actions did or did not occur; rather he just asserts, conclusory, that Betts failed to act timely.[43] These allegations are devoid of actual facts and do not raise a claim for relief above the speculative level.[44]

24. Further, as to Plaintiff's claim brought against Defendants pursuant to § 541.060(a)(3) for failing to provide a reasonable explanation of the basis of the policy for the insurer's denial of the claim or offer of a compromise or settlement of the claim, Plaintiff asserts

---

[40] *Barrera v. Allstate Ins. Co.*, DR-16-CV-0037-AM-VRG, 2017 WL 3274469, at *10 (W.D. Tex. Mar. 6, 2017), report and recommendation adopted, DR-16-CV-0037-AM/VRG, 2017 WL 3274357 (W.D. Tex. Mar. 21, 2017) (citing *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted). This pleading requirement has been applied to claims asserted under the Texas Insurance Code and DTPA. *See, e.g., Omni USA, Inc. v. Parker–Hannifin Corp.*, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009)).

[41] *Barrera*, 2017 WL 3274469, at *10.

[42] Plaintiff's Amended Petition, p. 9.

[43] *See Richards v. Allstate Indem. Co.*, DR-16-CV-0177-AM-VRG, 2017 WL 3274470, at *7–8 (citing *Twombly*, 550 U.S. at 555).

[44] *See Richards*, 2017 WL 3274470, at *7–8 (citing *Twombly*, 550 U.S. at 555).

that Betts did not "explain to Plaintiff why full payment was not being made."[45] This allegation lacks the specificity required under the federal rules because it contains no details at all about what explanation Betts did provide; it merely is a conclusory assertion that the explanation was insufficient. A claim is not supported with adequate factual detail under federal standards when "it tenders naked assertions devoid of further factual enhancement."[46] In the improper joinder context, "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."[47]

25.     The allegations of the Plaintiff's Amended Petition lodged against the improperly joined adjuster merely tracked the statutory language of § 541.060 in a conclusory manner without any further factual enhancement.[48]

### c. Plaintiff has no possibility of recovery against Betts for alleged violations of the Texas DTPA.

26.     The Texas DTPA was enacted to protect consumers from false, misleading, or deceptive business practices, unconscionable actions, and breaches of warranty.[49] To succeed on a DTPA claim, a plaintiff must show: (1) the plaintiff is a consumer who sought or acquired, by purchase or lease, goods or services; (2) the defendant is subject to suit under the DTPA; (3) the defendant committed an act in violation of the DTPA; and (4) the defendant's purported action

---

[45] Plaintiff's Amended Petition, p. 9.

[46] *See Richards*, 2017 WL 3274470, at *7–8 (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678)).

[47] *Stephenson v. Standard Ins. Co.*, SA:12-CV-01081-DAE, 2013 WL 3146977, at *13 (W.D. Tex. June 18, 2013).

[48] *See Richards*, 2017 WL 3274470, at *7–8 (citing *Cavazos v. Sussex Insurance Company*, 7:16–CV–0576, 2016 WL 6471139, 2016 U.S. Dist. LEXIS 151769, at *6–7 (S.D. Tex. Nov. 2, 2016) (unpublished) (applying *International Energy* standards announced by Fifth Circuit)).

[49] *See* TEX. BUS. & COMM. CODE § 17.44(a).

was a producing cause of the plaintiff's damages.[50] As to the third element of a DTPA claim—that the defendant committed an act in violation of the DTPA—Plaintiff's Amended Petition lacks allegations sufficient to demonstrate Betts' potential liability under federal pleading standards. For the allegations that Betts committed an act in violation of the DTPA, Plaintiff relies on the same factual allegations described earlier in connection with his Chapter 541 claims.

27.     DTPA claims are subject to the requirements of Federal Rule of Civil Procedure 9(b).[51] Under Rule 9(b), the Fifth Circuit requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent."[52] In other words, Rule 9(b) requires a complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of an alleged fraud.[53] The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[54] These factual allegations amount to little more than a formulaic recitation of the third element of a DTPA cause of action and fall far short of "plead[ing] factual content that

---

[50] *Barrera*, 2017 WL 3274469, at *10–13 (citing *Guajardo v. JP Morgan Chase Bank, N.A.*, 650 Fed.Appx. 240, 249 (5th Cir. 2015) (per curiam) (citing TEX. BUS. & COMM. CODE §§ 17.41–63).

[51] *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, SA-17-CV-00491-XR, 2017 WL 3448190, at *6–7 (W.D. Tex. Aug. 10, 2017); *Sparling v. Doyle*, EP-13-CV-00323-DCG, 2014 WL 2448926, at *12 (W.D. Tex. May 30, 2014) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009)).

[52] *Lakeside*, 2017 WL 3448190, at *6–7 (citing *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

[53] *Lakeside*, 2017 WL 3448190, at *6–7 (citing *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994)).

[54] *Lakeside*, 2017 WL 3448190, at *6–7 (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993))).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[55]

28. In *Lakeside*, Plaintiff claimed that the adjuster had done nothing to assist in addressing the extensive damage to the property but Plaintiff did not identify specific actions that the adjuster failed to perform.[56] Furthermore, in *Lakeside*, this District court stated that Plaintiff's own complaint cast doubt on this allegation by alleging that the adjuster did in fact inspect the property.[57]

29. The allegations in the case at hand are strikingly similar to those alleged by the plaintiff in *Lakeside*. The only factual allegation Plaintiff asserts to support this claim pertains to the estimate prepared by Betts in that "Mr. Betts prepared an estimate to misrepresent…was due on the insurance claim…Mr. Betts misrepresented material facts regarding lack of coverage…"[58] These types of factual allegations are conclusory and boilerplate statements which attempt to assert that Betts shows bias by providing favorable, result-oriented investigations, estimates, and reports to the insurance. However, Plaintiff provides no specific details or factual information to support these allegations.[59] Plaintiff's allegations lack specific details about actionable behavior on the part of Betts. Sentences like "Mr. Betts made these and other misrepresentations to

---

[55] *See Iqbal*, 556 U.S. at 678.

[56] *Lakeside*, 2017 WL 3448190, at *6–7.

[57] *Id*.

[58] *See generally*, Plaintiff's Amended Petition, pp. 6-8.

[59] *See* generally, Plaintiff's Amended Petition, pp. 6-8.

Plaintiff"[60] are nothing more than empty assertions, unsupported by any facts that would answer the requisite who, what, when, where.[61]

30.  Thus, when evaluated under federal pleading standards, Plaintiff's allegations clearly are inadequate to state either a Texas DTPA claim or Chapter 541 claim against Betts.

### IV.  CONCLUSION

31.  To summarize, the Plaintiff's Amended Petition asserts two causes of action against Betts: for violations of Chapter 541 of the Texas Insurance Code and for violations of the DTPA. As explained herein, the allegations of the Amended Petition are not adequate to state a claim against Betts for either by reference to federal pleading standards. Since Plaintiff cannot state a claim against Betts, there is no reasonable basis to predict any possibility of recovery Betts. Accordingly, Betts is improperly joined.

32.  When Betts' non-diverse Texas citizenship is disregarded because he is improperly joined, the proper parties to the suit are of completely diverse citizenship. Additionally, it is uncontroverted that the case exceeds the jurisdictional threshold of $75,000. For these reasons, federal diversity jurisdiction exists and Plaintiff's Motion should be denied and removal of this matter was proper.

---

[60]  *See* Plaintiff's Amended Petition, p. 7.

[61]  *See generally* Plaintiff's Amended Petition.

Respectfully submitted,

By: */s/ Kristin C. Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zelle.com
Victoria L. Vish
Texas Bar No. 24089850
vvish@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:	(214) 742-3000
Facsimile:	(214) 760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of Defendant Arch Insurance Company's Response to Plaintiff's Motion to Remand has been served this 22nd day of November 2017, by electronic filing as follows:

William N. Allan, IV
Texas State Bar No. 24012204
serveone@ANGlawfirm.com
ALLAN, NAVA & GLANDER, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: 210-305-4220
Facsimile: 210-305-4219

**ATTORNEYS FOR PLAINTIFF**

                              */s/ Kristin C. Cummings*
                              Kristin C. Cummings