UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P.<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:17-cv-00311-KC |
| ARCH SPECIALTY INSURANCE<br>COMPANY and ROBERT BETTS,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

**JOINT REPORT OF PARTIES' PLANNING MEETING**

In accordance with the Court's Standing Order on Pretrial Deadlines, Plaintiff Marminco III Family, L.P. ("Marminco" and "Plaintiff") and Defendants Arch Specialty Insurance Company ("Arch Specialty") and Robert Betts ("Mr. Betts") (collectively, "Defendants") hereby submit their Joint Report of Parties' Planning Meeting as follows:

**Caption of Case**

Plaintiff is Marminco III Family, L.P.

Defendants are Arch Specialty Insurance Company and Robert Betts.

**Date Complaint Filed:**

Prior to removal, Marminco filed its Original Petition in state court on August 31, 2017 and its First Amended Petition in state court on September 12, 2017.

**Date Complaint Served:**

Prior to removal, Defendants were served with Plaintiff's Original Petition on September 13, 2017 and with Plaintiff's First Amended Petition on September 18, 2017.

**Date of Defendant's Appearance:**

Prior to removal, Defendants filed their Original Answer in state court on September 29, 2017.

**Conference:**

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on November 21 and 22, 2017. The participants were:

  Bernie R. Kray        for Plaintiff Marminco III Family, L.P.

  Kristin C. Cummings   for Defendants Arch Specialty Insurance Co. and Robert Betts.

The parties agree to exchange Rule 26(a) initial disclosures by December 15, 2017.

**I.      Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

   **A.      Subject Matter Jurisdiction**

Arch Specialty removed this case from state court to federal court on the basis of diversity jurisdiction under 28 U.S.C. §1332(a)(1) and 28 U.S.C. § 1441(a). Marminco has filed a motion for remand [Dkt. No. 2] on grounds of lack of subject matter jurisdiction and lack of proof of improper joinder of Defendant Robert Betts.

   **B.      Personal Jurisdiction**

The parties do not contest personal jurisdiction.

**III.    Brief Description of Case**

This action arises out of an insurance claim Marminco submitted under its insurance policy issued by Arch Specialty for damage to its property caused by a storm in or about November of

2016. Marminco alleges that Defendants wrongfully handled its insurance claim, which resulted in underpayment of its insurance claim. Marminco asserts claims for actual damages, additional statutory damages, exemplary damages, and attorneys' fees on the following causes of action: (a) breach of contract; (b) non-compliance with Chapter 542 of the Texas Insurance Code; (c) violation of Chapter 541 of the Texas Insurance Code; (d) breach of the duty of good faith and fair dealing; and (e) violation of the Texas Deceptive Trade Practices Act.

      Defendants deny Marminco's allegations and assert that Defendants performed a timely and thorough investigation of Marminco's claim and timely issued the payment due under the Policy. Defendants also specifically deny that: (a) Marminco provided Arch Specialty timely written notice of its statutory claims in this matter as required by Section 541.54 of the Texas Insurance Code, and (b) Marminco failed to properly present its claim for attorneys' fees under Section 38.0001 of the Texas Civil Practice and Remedies Code. Defendants further assert the following as affirmative defenses: (a) application of all terms, conditions, limitations, and exclusions contained in the policy and any endorsements attached thereto, including the policy's provisions and/or limitations regarding the valuation of covered property in the event of loss or damage, the application of the coinsurance percentage on the amount of loss, and/or payment of loss or damage covered by the Policy; (b) failure to provide prompt notice of the loss or damage; (c) application of the roof surfacing valuation limitation, which values roof surfacing at actual cash value as of the time of loss or damage as defined in the policy; (d) failure to take all reasonable steps to protect the property from further damage; (e) some of the claimed damage was not caused by or did not result from a covered cause of loss as required by the policy; (f) some of the physical loss or damage claimed under the policy was pre-existing and/or did not occur within the applicable policy period; (g) the alleged interior damages resulted from rain, snow, sand or dust,

whether driven by wind or not are not covered unless the building or structure first sustained wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters; (h) the terms of the replacement cost provision the policy, if any covered damages are valued on a replacement cost basis; (i) failure to satisfy all conditions precedent to recovery under the policy; (j) the terms, limitations, sublimits, endorsements, and exclusions contained in the policy under which Plaintiff seeks to recover; and (k) the equitable doctrines of laches, estoppel, waiver, and unclean hands.

## IV.     Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

(a)     Marminco is a citizen of the State of Texas.

(b)     Mr. Betts is a citizen of the State of Texas.

(c)     Arch Specialty issued Texas Commercial Property Policy No. ANC0004090-00 to Marminco.

(d)     Marminco purchased Texas Commercial Property Policy No. ANC0004090-00.

(e)     Subject to all of its terms, conditions, limitations, and exclusions, Texas Commercial Property Policy No. ANC0004090 provides coverage for damage to covered property caused by covered perils during the policy period, including hail damage and wind damage.

(f)     Marminco submitted an insurance claim to Arch Specialty under Texas Commercial Property Policy No. ANC0004090 for storm damage, including hail damage and wind damage.

(g)     Arch Specialty assigned claim number 000013020230 to Marminco's insurance claim.

(h)     Arch Specialty assigned Mr. Betts to adjust Marminco's insurance claim.

**V.     Case Management Plan**

    **A.     Standing Order on Pretrial Deadlines**

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines to provide additional time for the parties to amend pleadings and complete all discovery by the deadlines proposed below [see infra Sections V.D and V.E.4] due to the pending holidays and so that they may adequately plead and conduct discovery after they exchange initial disclosures and have an opportunity to serve and respond to initial written discovery.

    **B.     Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). The parties prefer a conference by telephone.

    **C.     Early Settlement Conference**

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. However, the parties agree to schedule mediation after conducting some written discovery and, if deemed necessary, one or more depositions.

    **D.     Joinder of Parties and Amendment of Pleadings**

1. Plaintiff should be allowed until December 20, 2017 to file motions to join additional parties and until February 12, 2018 to file motions to amend the pleadings.

2. Defendants should be allowed until December 20, 2017 to file motions to join additional parties and until March 2, 2018 to file a response to any amended complaint.

    **E.     Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: Plaintiff's pleaded allegations and causes of actions [see Dkt. No. 2-1]; Defendants' pleaded

allegations and defenses [see Dkt. No. 1-7]; Defendants' investigation and adjustment of the underlying insurance claim; the condition of Plaintiff's property before and after the events of the underlying insurance claim; the cause and amount of loss and damage to Plaintiff's property; representations regarding the insurance policy; coverage issues under the insurance policy; and the opinions of the parties' respective expert witnesses.

2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by June 22, 2018 and completed (not propounded) by July 27, 2018.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by July 27, 2018.

5. The parties anticipate that Plaintiff will require a total of 4 depositions of fact witnesses and that Defendant(s) will require a total of 4 depositions of fact witnesses. The depositions will commence by June 22, 2018 and be completed by July 27, 2018.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by April 27, 2018. Depositions of any such experts will be completed by May 28, 2018.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by May 28, 2018. Depositions of such experts will be completed by June 27, 2018.

9. A damages analysis will be provided by any party who has a claim or counterclaim for

damages by June 15, 2018.

 **F.**  **Dispositive Motions:**

Dispositive motions will be filed on or before August 10, 2018.

**VI.** **Trial Readiness**

The case will be ready for trial by September 17, 2018.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Respectfully submitted this 22nd day of November, 2017.

       By: */s/ William N. Allan, IV*
         WILLIAM N. ALLAN, IV
         State Bar No. 24012204
         serveone@anglawfirm.com
         ALLAN, NAVA & GLANDER, PLLC
         13409 NW Military Hwy, Suite 300
         San Antonio, Texas 78231
         Phone: (210) 305-4220
         Fax: (210) 305-4219
         **ATTORNEYS FOR PLAINTIFF**

       AND

       By: */s/ Kristin C. Cummings* (with permission)
         Kristin C. Cummings
         State Bar No. 24049828
         kcummings@zelle.com
         Victoria L. Vish
         State Bar No. 24089850
         vvish@zelle.com
         ZELLE LLP
         901 Main Street, Suite 4000
         Dallas, Texas 75202-3975
         Phone: (214) 742-3000
         Fax: (214) 760-8994
         **ATTORNEYS FOR DEFENDANTS**