UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-00311-KC |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY and ROBERT BETTS, | § | |
|     Defendants. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff Marminco III Family, L.P. ("Marminco") files this reply to the response to Marminco's motion to remand filed by Defendant Arch Specialty Insurance Company ("Arch Specialty") as follows:

**I.    Non-diverse Defendant Robert Betts can be held personally liable for his actions as Arch Specialty's agent**

Arch Specialty argues that Betts cannot be held personally liable for actions that do not cause an injury independent of Arch Specialty's wrongful denial of policy benefits. It is well established under Texas law, however, that a corporate agent is personally liable for his own fraudulent or tortious acts that he directs or participates in during his employment. (*See* Dkt. No. 2, Pl.'s Mot. Remand at 4). No Texas Supreme Court opinion has changed this long-standing principle or otherwise established that corporate agents "are somehow immunized for their own torts if they were acting in the scope of their employment." *Land v. Wal-Mart Stores of Texas*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014). An insured's claim for a violation of the Texas Insurance Code is a tort claim. *See USAA Tex. Lloyds Co. v. Menchaca*, ___ S.W.3d ___, No. 14-0721, 2017 WL 1311752, at *3–4 (Tex. 2017).

It is also well established under Texas law and Fifth Circuit precedent that insurance adjusters like Betts can be held personally liable for violations of the Texas Insurance Code. (*See* Dkt. No. 2, Pl.'s Mot. Remand at 5). Thus, an insurance company's agent who "personally carried out the transaction that forms the core of [the plaintiff's] complaint" is subject to liability. *Liberty Mut. In. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). Furthermore, an insured who establishes a right to receive policy benefits can recover those benefits as actual damages resulting from a violation of the Texas Insurance Code. *Menchaca*, 2017 WL 1311752, at

*7–9 (clarifying that an insured does not need to prove independent injury to maintain an extra-contractual claim under the Texas Insurance Code).[1]

The issue here is whether Betts personally participated in the alleged statutory violations, not whether he acted in his individual capacity. Moreover, as alleged in Plaintiff's First Amended Petition, Betts "was *authorized and tasked* to investigate the insurance claim, . . . and ultimately effectuate a settlement of the insurance claim." (*See* Dkt. No. 2-1, Exhibit A, Pl.'s 1st Am. Pet. at 4–5) (emphasis added). But even if he lacked such authority, Betts can—at a minimum—be held liable for violating Section 541.060(a)(2) of the Texas Insurance Code because he was primarily responsible for investigating and evaluating the insurance claim and had the ability to affect or bring about the "prompt, fair, and equitable settlement" of that claim. *See, e.g.*, *Roach v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016); *The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015).

Arch Specialty presents no evidence to negate—much less dispute—the extent of Betts's direct and personal participation in this case as alleged in Marminco's First Amended Petition. That is, Marminco asserts causes of action against Betts and Arch Specialty based Betts's direct and personal misconduct. Thus, the joinder of Betts as a defendant in this case is no different than asserting claims in a personal injury case against both the driver of a company's truck and the company that employed that driver—both the driver and company may be held liable. Therefore, under Texas law, Betts can be held personally liable for his statutory violations and is not immune from suit simply because he acted as Arch Specialty's agent.

---

[1] Arch Specialty's "independent injury" argument relies on the Fifth Circuit's holding in *Parkans International, LLC v. Zurich Insurance Co.*, 299 F.3d 514, 519 (5th Cir. 2002). In *Menchaca*, however, the Texas Supreme Court explained that the holdings in *Parkans* and its progeny are based on an incorrect interpretation of Texas state law.

## II. Marminco's allegations and causes of action against non-diverse Defendant Robert Betts are non-fraud claims not subject to Rule 9(b)

Arch Specialty contends that the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure applies here. However, Rule 9(b) is a limited exception to the general federal pleading requirements and does not extend to causes of action not enumerated therein. *See, e.g.*, *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 668 & n.29 (5th Cir. 2004) (holding that Rule 9(b) does not apply to negligent misrepresentation claims properly distinguished from fraud claims). Although claims alleging statutory violations that are substantively identical to fraud are subject to Rule 9(b), courts have "applied the standards under Rule 9(b) only to those violations of the Texas Insurance Code where 'the gravamen of the claim is fraud.'" *See, e.g.*, *Stewart v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-3021, 2011 WL 4592256, at *3, *6 (S.D. Tex. Sept. 29, 2011) (holding that Rule 9(b) does not apply to claims under Tex. Ins. Code §§ 541.060(a)(2)(A), (a)(3), (a)(4), and (a)(7)). Thus, Rule 9(b)'s particularity standard does not apply to claims under the Texas Insurance Code except where the allegations supporting such claims are so intertwined with allegations of fraud that it is impossible to separate them. *See, e.g.*, *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006).

In this case, Marminco's allegations and causes of action against Betts are non-fraud claims not subject to Rule 9(b)'s heightened pleading standard. That is, none of Marminco's claims against Betts for violations of the Texas Insurance Code include fraud as an essential element or are supported by allegations of fraud. (*See* Dkt. No. 2, Pl.'s Mot. Remand at 6–10; Dkt. No. 2-1, Exhibit A, Pl.'s 1st Am. Pet. at 3–10, 14–16). Indeed, the word "fraud" does not appear anywhere in Marminco's petition, and none of the allegations in Marminco's petition establish fraud as the gravamen of its statutory claims. To the extent any allegations in its petition may be construed as allegations of fraud, they are not so intertwined with and can be readily separated from the non-

fraud allegations that support Marminco's statutory claims. District courts have held in prior property insurance cases that similar allegations and causes of action under the Texas Insurance Code are not subject to Rule 9(b)'s heightened pleading standard. *See Negrete v. State Farm Lloyds*, No. DR-15-CV-114-AM, 2016 WL 8488287, at *7 (W.D. Tex. Sept. 27, 2016); *Gaytan v. State Farm Lloyds*, No. DR-15-CV-134-AM, 2016 WL 8488351, at *4 (W.D. Tex. Sept. 27, 2016); *see also Stewart*, 2011 WL 4592256, at *6. Thus, Marminco's allegations and causes of action against Betts are non-fraud claims not subject to Rule 9(b). Therefore, the general federal pleading standard applies to the analysis of Marminco's petition.

### III.     Marminco's petition meets the general federal pleading standard

Even where allegations of fraud are made in support of a non-fraud claim, such allegations that do not meet Rule 9(b)'s particularity standard do not establish that no claim has been stated—rather, the proper analysis is for the court to disregard any deficient allegations of fraud and then determine whether a non-fraud claim has been stated under the general federal pleading standard. *See, e.g.*, *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001); *Stewart*, 2011 WL 4592256, at *3. Thus, even assuming its allegations of misrepresentations by Betts constitute deficient allegations of fraud, Marminco's other allegations are sufficient to state plausible non-fraud claims under the general federal pleading standard.

In particular, Marminco's non-fraud allegations against Betts include but are not limited to the following:

- Mr. Betts was not qualified to properly evaluate the storm damages to the Property;

- Mr. Betts was improperly and inadequately trained to adjust Plaintiff's insurance claim in a fair, accurate, and timely manner;

- Mr. Betts also employed claim handling practices intended to deny coverage, underpay insurance claims, and delay payment as much as possible;

- Mr. Betts was not diligent in the handling and resolution of Plaintiff's insurance claim, failed to timely and reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, . . . and improperly denied full coverage and payment for the entire covered loss;

- Mr. Betts conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property;

- Mr. Betts's inspection, estimate, and adjustment of the insurance claim did not allow for adequate funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy;

- Mr. Betts spent little time inspecting the Property overall, focused his investigation primarily on the parapet walls of the roofs, and gave cursory attention to the remaining roof surfaces of the Property;

- Although he observed hail damage to the built-up roofing, Mr. Betts did not conduct any testing of the roofs that would have enabled him to identify the extent of the hail and wind damage that substantially compromised the integrity of the roofs, and which his cursory visual inspection failed to identify;

- As a result of his inadequate inspection, Mr. Betts failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from his estimate, areas of storm damage that were part of the covered loss under the Policy, including: (1) most of the hail and wind damage to the roofs of the shopping center, including damaged built-up roofing, roof coatings, membrane roofing, insulation, exhaust caps, furnace vents, roof drains, and flashing; and (2) most of the hail and wind damage to multiple roof-mounted A/C units;

- Instead, Mr. Betts only accounted for some hail damage to 5 roof-mounted A/C units and portions of parapet walls and built-up roofing;

- Nevertheless, Mr. Betts also under-estimated . . . the actual cost to repair or replace the underscoped hail damage he included in his estimate, particularly with respect to the necessary costs of materials, labor, and contractor overhead and profit;

- Moreover, despite his limited inspection, Mr. Betts further assumed . . . that any other damage to the Property was not caused by hail or wind and was therefore not covered under the Policy;

- Based upon Mr. Betts's inspection, estimate, and adjustment, Arch Specialty denied coverage for a substantial portion of the damages to the Property caused by the storm and determined that only $36,957.25 was due on Plaintiff's insurance claim, even though the actual scope and cost to repair or replace Plaintiff's Property far exceeds the scope and amount of Mr. Betts's estimate;

- Indeed, Plaintiff retained its own adjuster who determined that the actual cost to repair or replace the Property for all of the covered damage described above exceeds $495,000;

- Plaintiff's adjuster contacted and attempted to work with Mr. Betts to resolve Plaintiff's insurance claim and obtain payment for the full value of all the covered damage described above; however, Mr. Betts refused to accept any findings or information provided by Plaintiff's adjuster;

- As described above, Mr. Betts demonstrated he did not conduct a thorough and reasonable investigation of Plaintiff's insurance claim;

- Mr. Betts failed to make a good faith attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although he was aware of the clear liability to Plaintiff under the Policy, in violation of Section 541.060(a)(2)(A) of the Texas Insurance Code;

- Mr. Betts failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time, in violation of Section 541.060(a)(4) of the Texas Insurance Code; and

- Mr. Betts refused to fully compensate Plaintiff under the terms of the Policy, even though he failed to conduct a reasonable investigation, and Mr. Betts performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property, in violation of Section 541.060(a)(7) of the Texas Insurance Code.

(*See* Dkt. No. 2-1, Exhibit A, Pl.'s 1st Am. Pet. at 4–10).

Courts have found similar allegations in other property damage cases were sufficient under the general federal pleading standard to reasonably predict a possible recovery against a non-diverse defendant adjuster. *Cf., e.g.*, *Edwards v. State Farm Lloyds*, No. 3:17-cv-0171-G, 2017 WL 3480270, at *1–3 (N.D. Tex. Aug. 14, 2017); *Affordable Portable Structures, Inc. v. The Cincinnati Ins. Co.*, No. 1:16-CV-1267-RP, 2017 WL 2266903, at *2–3 (W.D. Tex. May 23, 2017); *Shree Kuber Baba LLC v. Columbia Mut. Ins. Co.*, No. SA-16-CA-01073-FB, 2017 WL 3274906, at *3–6 (W.D. Tex. Feb. 10, 2017), report and recommendation adopted, No. SA-16-CA-1073-FB, 2017 WL 3274905 (W.D. Tex. Feb. 28, 2017); *Kris Hospitality LLC, d/b/a Days Inn v. Tri-State Ins. Co. of Minn.*, No. SA-16-CV-01229-XR, 2017 WL 437424, at *3–5 (W.D. Tex. Jan.

31, 2017); *Sparky's Storage Solutions, Ltd. v. Lexington Ins. Co.*, No. 2:16-CV-022-J, 2016 WL 6662259, at *2–3 (N.D. Tex. Nov. 9, 2016); *Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *4–6 (S.D. Tex. Nov. 3, 2016); *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016); *see also Negrete*, 2016 WL 8488287, at *3–9; *Gaytan*, 2016 WL 8488351, at *2–6.

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004). In comparison to *Edwards*, *Affordable Portable Structures*, *Shree Kuber Baba*, *Kris Hospitality*, *Sparky's Storage Solutions*, *Richard*, *Mehar Holdings*, *Martinez*, *Negrete*, and *Gaytan*, Marminco's allegations are sufficient to state at least one possible and plausible non-fraud claim against Betts under the general federal pleading standard for a violation of the Texas Insurance Code. Therefore, Arch Specialty fails to prove improper joinder because Marminco's petition meets the general federal pleading standard.

**IV.    Conclusion**

For the reasons stated in its motion and above, Marminco respectfully requests that the Court grant this motion and remand this case to the County Court at Law No. 6 in El Paso County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

                                Respectfully submitted,

                                **ALLAN, NAVA & GLANDER, PLLC**
                                13409 NW Military Hwy, Suite 300
                                San Antonio, Texas 78231
                                Phone:  (210)  305-4220
                                Fax:  (210)  305-4219
                                serveone@anglawfirm.com

By:  */s/ William N. Allan, IV*
                                WILLIAM N. ALLAN, IV
                                State Bar No. 24012204

                                **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 29, 2017, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Kristin C. Cummings
Victoria L. Vish
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Phone: (214) 742-3000
Fax: (214) 760-8994
kcummings@zelle.com
vvish@zelle.com

                                                */s/ William N. Allan, IV*
                                                WILLIAM N. ALLAN, IV