IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARMINCO III FAMILY, L.P., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-17-CV-311-KC** |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY and ROBERT BETTS, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Remand ("Motion"), ECF No. 2. For the reasons set forth herein, the Motion is **GRANTED**.

## I.    BACKGROUND

This case arises from the insurance claim filed by Marminco III Family, L.P. ("Plaintiff") for damage, caused by a hail and windstorm, to its real property. *See* Pl.'s First Am. Pet. 4, ECF No. 1-6 ("Petition").  Plaintiff submitted a claim for damages to its property under an insurance policy issued by Defendant Arch Specialty Insurance Company ("Arch").  *Id.*  Arch assigned an adjuster, Defendant Robert Betts ("Betts"), to investigate Plaintiff's claim.  *Id.*

Plaintiff alleges that Betts "conducted a substandard inspection," "misrepresented that [much of the] damage to the Property was not caused by hail or wind and was therefore not covered under the Policy," and "under-estimated and misrepresented the actual cost to repair and replace" the damage that he found was covered.  *Id.* at 5–6.  Plaintiff asserts that, as a result, Betts prepared an estimate that did not provide for adequate funds to cover the necessary repairs for damage covered under the insurance policy.  *Id.* at 5.  Plaintiff avers that Plaintiff and Arch

1

relied on Betts's misrepresentations, which caused Arch to underpay Plaintiff on its insurance claim. *Id.* at 7. Specifically, Plaintiff asserts that Arch concluded that only $36, 957.25 was due on Plaintiff's insurance claim, while an independent adjuster hired by Plaintiff concluded that the actual cost to repair the damage covered under the policy exceeds $495,000. *Id.*

On August 31, 2017, Plaintiff filed suit against Arch and Betts in County Court at Law No. 6 of El Paso County, Texas, for damages resulting from the alleged mishandling of its insurance claim, alleging claims under the Texas Deceptive Trade Practices Act and Chapter 541 of the Texas Insurance Code. Notice of Removal 1–2, ECF No. 1. On October 10, 2017, Arch removed the case to this Court, contending that the Court has subject matter jurisdiction because Betts was improperly joined in the lawsuit to defeat diversity jurisdiction. *Id.* at 3. On November 10, 2017, Plaintiff filed the instant Motion. Arch filed a timely response, ECF No. 3 ("Response"), to which Plaintiff served a timely reply, ECF No. 5. The Motion is now ripe for consideration.

## I. DISCUSSION

### A. Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and the parties are citizens of different states. 28 U.S.C. § 1332. The rule of complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). However, "the improper joinder doctrine constitutes a

narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Abbott Labs.*, 408 F.3d at 183. "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas*, 648 F.3d at 249.

To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Under the second prong of the improper joinder doctrine, a defendant who "demonstrate[s] that there is no possibility of recovery by the plaintiff against an in-state defendant," or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," successfully demonstrates improper joinder. *Smallwood*, 385 F.3d at 573; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) ("After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."). However, a "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9. To evaluate the reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis" or "pierce the pleadings and conduct a summary inquiry." *Id.* at 573.

In the removal context where the removing party invokes the Court's diversity jurisdiction, the Court applies the federal pleading standard to determine whether the plaintiff has stated a claim against a non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). That standard requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When conducting a Rule 12(b)(6) analysis as part of an improper-joinder inquiry, a district court must also heed the Fifth Circuit's instruction that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### B.    Improper Joinder Claim

Plaintiff argues that this Court lacks subject matter jurisdiction because Betts was properly joined as a defendant. Mot. 1. Specifically, Plaintiff claims that Betts violated the Texas Deceptive Trade Practices Act and several provisions of the Texas Insurance Code, rendering him subject to suit under Texas law. Notice of Removal 1–2. Arch argues in response

4

that Plaintiff's claims against Betts must fail because Plaintiff has not asserted injury against Betts independent from that asserted against Arch.  Resp. 5–6.  Arch further argues that Plaintiff has not alleged sufficient facts against Betts to meet the federal pleading standard.  *Id.* at 6–13. The Court addresses each of these arguments in turn.

### 1.   Betts is subject to suit under Texas law

The Fifth Circuit has recognized that "Texas law clearly authorizes . . . actions against insurance adjusters in their individual capacities" for violations of the insurance code.  *Gasch*, 491 F.3d at 279 (applying V.A.T.S. Insurance Code art. 21.21, the predecessor statute of the current section 541.060 of the Texas Insurance Code); *see also, e.g.*, *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 729 (N.D. Tex. 2014) (finding that adjusters may be held individually liable under the current Texas Insurance Code).  However, for an adjuster to be held individually liable, he must have committed some act that is prohibited by the Texas Insurance Code.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).  Merely being connected to an insurance company's denial of coverage is insufficient.  *Hornbuckle*, 385 F.3d at 545; *Messersmith*, 10 F. Supp. 3d at 724.

Arch suggests  that this principle from *Messersmith*, "[s]tated differently," means that a Plaintiff cannot recover for extra-contractual damages for mishandling claims unless the alleged acts or omissions caused an injury independent of those that would have resulted from the insurance carrier's wrongful denial of policy benefits.  Resp. 5.  This is an incorrect statement of the principle from *Messersmith*.  *Messersmith* requires only an independent *act* by the adjuster in violation of the Texas Insurance Code in order for joinder to be proper; the holding does not

require an independent *injury*. 10 F. Supp. 3d at 724. Further, the cases that Arch cites to support this independent injury requirement, *Parkans International LLC v. Zurich Ins. Co.,* 299 F.3d 514, 519 (5th Cir. 2002), and *Provident American Insurance Company v. Castaneda,* 988 S.W.2d 189 (Tex. 1998), are readily distinguishable from the instant case. Both *Parkans* and *Castaneda* involved claims against the insurance carrier alone. *See generally Parkans,* 299 F.3d 514; *Castaneda,* 988 S.W.2d 189. Here, the individual adjuster's liability is at issue. *Parkans* and *Castaneda* also involved what the court found to be a "reasonable" basis for denial of coverage. *Parkans*, 299 F.3d at 519; *Castaneda,* 988 S.W.2d at 193–94. In contrast, Plaintiff here alleges that its losses were clearly covered by the policy, but that Arch underpaid on the claim at least in part because of Betts's unfair settlement practices. Pet. 7.

Therefore, Betts's actionable conduct implicates more than mere differences of reasonable opinions regarding policy benefits. Most significantly, it involves damages that are not measured only by contractually owed policy benefits because adjusters are not ordinarily liable for those benefits. *See Garza v. Scottsdale Ins. Co.*, No. 2:15-CV-149, 2015 WL 3756917, at *5 (S.D. Tex. June 16, 2015) (distinguishing *Parkans* and *Castaneda* from a case against an independent adjuster and rejecting an independent injury requirement). Consequently, the independent injury requirement does not eliminate Plaintiff's claims against Betts. To the extent that the independent injury requirement applies to the instant case, it imposes no burden beyond that established by *Messersmith. See Rocha v. Geovera Specialty Ins. Co.*, No. 7:13-CV-589, 2014 WL 68648, at *4 (S.D. Tex. Jan 8, 2014) (relying on *Hornbuckle*, 385 F.3d at 545, to conclude that the independent injury requirement is met "by allegations that the adjuster was directly responsible for committing a violation of the insurance code"); *see also Gaytan v. State*

*Farm Lloyds*, No. DR-15-CV-134-AM, 2016 WL 8488351, at *5 (W.D. Tex. Sept. 27, 2016) (applying *Rocha*).

Plaintiff has clearly met the *Messersmith* standard by alleging that Betts committed independent violations of the Texas Insurance Code, beyond merely being connected to Arch's ultimate denial of full coverage. *See* 10 F. Supp. 3d at 724. Plaintiff alleges, inter alia, that Betts violated section 541.060(a)(2)(A) of the Texas Insurance Code because he was primarily responsible for investigating and evaluating the insurance claim and failed to attempt in good faith to bring about the "prompt, fair, and equitable settlement" of that claim. Pet. 9. Courts in this circuit have found that adjusters may be held liable under this provision. *See, e.g., Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015) (finding that "[t]he fact that the statute uses the word 'effectuate' [in section 541.060(a)(2)(A)] rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim," including adjusters); *see also Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (remanding based on potential liability of an individual adjuster under section 541.060(a)(2)(A)); *Gaytan*, 2016 WL 8488351, at *5 (same); *Shade Tree Apartments, LLC v. Great Lakes Reins. (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *4–5 (W.D. Tex. Dec. 11, 2015) (same); *Esteban*, 23 F. Supp. 3d at 728–31 (finding that independent adjusters may be held liable for violations of Texas Insurance Code section 541.060 in general, including section 541.060(a)(2)(A)).

This Court acknowledges that other courts in the Fifth Circuit have held that section 541.060(a)(2)(A) does not apply to adjusters, reasoning that adjusters cannot be held liable

because they lack settlement authority, and thus cannot "effectuate a prompt, fair, and equitable settlement." *See Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Messersmith*, 10 F. Supp. 3d at 724; *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-cv-2839, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014).  However, this Court agrees with the court in *Linron* that the use of the word "effectuate" in the statute suggests that any party involved in the settlement process may be liable under the section, including adjusters. *Linron* 2015 WL 3755071, at *5.  Accordingly, Betts is subject to suit under section 541.060(a)(2)(A) of the Texas Insurance Code.  Furthermore, to the extent that this Court gives any weight to those cases disagreeing with *Linron*, such a split in authority must be resolved in favor of remand because, in the context of a motion to remand, "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013).[1]

Despite Arch's insistence to the contrary, Plaintiff is not required to allege independent injury against Betts. *See Garza*, 2015 WL 3756917, at *5.  Plaintiff has properly alleged at least one cause of action under which it can potentially recover against Betts.  The only remaining question is whether Plaintiff has alleged sufficient facts to support its claim against Betts under the federal pleading standard.

## 2.  Plaintiff has alleged sufficient facts to state a claim against Betts

---

[1] The Court in *Montoya v. State Farm Mut. Auto. Ins. Co.* rejected the reasoning of the *Linron* court, noting that that case was unreported, and declined to find ambiguity under Texas law concerning adjuster liability for violations of  section 541.060(a)(2)(A).  *Montoya*, No. 16-00005 (RCL), 2016 WL 5942327, at *4 (W.D. Tex. Oct. 12, 2016).  This Court disagrees with *Montoya* for two reasons.  First, the Fifth Circuit requirement that "[a]ny ambiguities are construed against removal and in favor of remand to state court" makes no exception for unreported cases.  *Hood*, 737 F.3d at 84.  Second, in *Esteban v. State Farm Lloyds*, the court found that independent adjusters may be held liable for violations of Texas Insurance Code section 541.060 in general, without excluding section 541.060(a)(2)(A).  23 F. Supp. 3d at 728–731.  This reported case creates an additional source of ambiguity.

Arch argues that Plaintiff has not alleged sufficient facts to support any possibility of recovery against Betts for violations of the Texas Insurance Code. Resp. 6. Under the federal pleading standard, Plaintiff must "plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Arch asserts that Plaintiff "has alleged nothing to develop" its claims against Betts under section 541.060(a)(2)(A). Resp. 7. The Court disagrees. Plaintiff identifies specific actions that it claims violate section 541.060(a)(2)(A), namely: failing to conduct a reasonable inspection and investigation of the Plaintiff's damages; stating that Plaintiff's storm damages were less severe than they were; and misrepresenting the actual cost to repair or replace the damage. Further, Plaintiff pleads specific, detailed facts in support of these allegations. Plaintiff identifies the areas Betts did and did not inspect and the manner in which his inspection was inadequate. Pet. 6. Plaintiff also describes the areas and types of covered damage for which Betts failed to account, as well as the difference between the amount that Betts determined was due on Plaintiff's claim and the actual cost of repairs as determined by an independent adjuster. Pet. 6–7.

If true, these factual allegations could reasonably form a basis to recover under section 541.060(a)(2)(A) against Betts for failing to "effectuate a prompt, fair, and equitable settlement" of the insurance claim. *See Gaytan*, 2016 WL 8488351, at *5 (finding that similar factual allegations constitute a well-pleaded claim under section 541.060(a)(2)(A)). Accordingly, Plaintiff has demonstrated at least a reasonable possibility of recovery against Betts, an in-state defendant. Betts was therefore properly joined, complete diversity is destroyed, and the Court lacks subject matter jurisdiction over the claims. *See Gasch*, 491 F.3d at 284. Because a single

actionable claim against Betts destroys diversity, the Court need not consider the viability of Plaintiff's remaining claims against Betts.  *Gray*, 390 F.3d at 412 ("Section 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 2, is **GRANTED**. The Court **ORDERS** this case remanded to County Court at Law No. 6 of El Paso County, Texas.

**SO ORDERED**.

SIGNED this 19th day of December, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE